Statement of the Oase.
MONROE, O. J.
This is an appeal, by defendant, from a judgment condemning him to pay plaintiff $3,000, with interest, upon an instrument reading as follows:
“New Orleans, La., December 12, 1912.
“This is to certify that I have this day received from E. L. Chappuis, in full for all legal as well as all other services rendered to date in. his favor, as well as to the Alluvial City Land Company, Alluvian Land Company, St. Bernard Alluvial Land Company, and the Louisiana Alluvial Lands Company, $10,000.00, represented by one certain promissory note of like amount, dated December 2, 1912, due five years from date, bearing interest at the rate of 6 % per annum, interest payable semiannually, signed by Clinton S. Woolfolk, indorsed by the Realty Realization Company, and to which is [are] attached one hundred shares of the capital stock of the Realty Realization Company, par value of $10,000.00.
“Eor any services in preparing the subdrainage district O matters and reclamation bonds, for which I had a net credit in the books of the Alluvial City Land Company of $5,369.30,. 1 will accept from E. L. Chappuis the sum of $3,000.00 in cash, •whenever the said E. L. Chappuis sells his interest in St. Bernard Alluvial Land Company, or whenever the said St. Bernard Alluvial Lands Company sells its holdings; the idea being that the said $3,000.00 is due me whenever the said E. L. Chappuis realizes cash money from his holdings in the St. Bernard Alluvial Lands Company. It is also understood that, should I negotiate the said St. Bernard Alluvial Lands Company by sale, for B. L. Chappuis, he is to see to it that I am paid a cash commission of five per cent.
“[Signed] H. L. Eavrot.”
The grounds of defense resolve themselves into the two following, to wit:
(1). That plaintiff received payment for the services recited, in the second paragraph of .the above-quoted receipt (being that upon •which the suit is based)'by being allowed to retain three of the bonds, of $1,000 each, which were issued for the drainage of sub-drainage district C, and which were placed in his hands, and that it was agreed that,. in the event of his being so paid, the alleged obligation sued on should be considered discharged; and (2) that the condition of said alleged obligation — that the amount claimed by plaintiff should be due whenever defendant should “realize cash money from his holdings in the St. Bernard Alluvial Lands . Company” — has not been fulfilled; that said holdings, consisting of, probably, $40,000 par value, of the stock of that company were exchanged by defendant for a like amount, share for share, of the stock of the Alluvial Orange Lands Company, Incorporated; that in said exchange there inured to defendant and his fellow stockholders a profit of $26,-000, out of which defendant has, so far, received a dividend of about $2,000, as to which defendant’s counsel say in their last brief:
“Although the contract provides that Mr. Chappuis must ‘cash in’ on his entire investment of $40,000, before becoming liable to pay the $3,000 to Mr. Eavrot, your honors may consider that, equitably, in accordance with a fair construction, Mr. Chappuis, who has collected 5 per cent, on his original outlay, should pay a proportionate part of the claim of Mr. Eavrot. This is the settlement that Mr. Chappuis stated on this witness stand he was willing to carry out. * * * This, we submit, is the limit of a possible recovery against Mr. Chappuis; and this recovery should be allowed by your honors only if your honors reach the conclusion that Mr. Eavrot had not already been paid, in full, for the very service for which he sought recovery in the present case.” (The past particle “sought” being used because Mr. Eavrot has departed this life and is here represented by his executor.)
Opinion.
It is obvious that the question first to be considered is whether plaintiff has received payment for the service for which compensation is here claimed. But four witnesses were called in the case,-to wit, plaintiff and defendant, who flatly contradicted each other, and two third persons, of whom the testimony of one is wholly unimportant, and that of the other inconclusive as to the question stated, upon which question we find it difficult to .reconcile the statements of the *1057 plaintiff, the one with the other, and the whole with certain documentary evidence which has been offered. Those circumstances considered, and in view of the probability as disclosed by the record, that the doubt thus engendered may readily be removed by the calling of other witnesses, leads us to the conclusion that the ends of justice will best be subserved by remanding the ease for further evidence. Russell v. Producers’ Oil Co., 138 La. 196, 70 South. 92, and authorities there cited.
It is therefore ordered and decreed that the judgment appealed from be set aside and the ease remanded, with a view of obtaining additional evidence upon the question whether, prior to the institution of this suit, plaintiff had received from the Bayou Terre-aux-Bceufs Drainage District, or had retained by authority of that corporation, bonds to the par value of $3,000, in full payment for his legal services in getting out the bonds of subdrainage district C, and such further evidence as the litigants may see fit to produce and as may be found relevant to the issues presented.
It is further decreed that the costs of the appeal be paid by the litigants in the proportions of one-half by each, and that those of the district court await the final judgment.