No. 2336
Second Circuit

ROBERT R. RHYMES v. A. A. ABELL, ET AL.

(December 1, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Injunction—Par. 42, 50, 54.

Act 29 of 1924 regarding injunctions contemplates that the rule nisi shall be tried in advance of the merits of the case, but the trial judge under Section 2 of Article VII of the Constitution of 1921 may hear testimony on the merits of the case at the same time that he tries the rule nisi, where plaintiff was not prejudiced thereby.

2. Louisiana Digest—Appeal—Par. 521.

Where it is clear that the plaintiff rested his case on what he considered to be an absolute right and therefore failed to offer evidence of all the facts alleged in his petition thereby doing himself an injustice, the case will be dismissed as of non-suit.

Appeal from Fifth Judicial District Court of Louisiana, Parish of Richland, Hon. John R. McIntosh, Judge.

This is a suit in which plaintiff applied for injunction under Act 29 of 1924 and, under the emergency clause of the act, obtained a temporary restraining order. The case was tried on the rule *nisi* and on the merits at the same time. There was judgment for defendant and plaintiff appealed.

Judgment amended dismissing plaintiff's suit as of non-suit.

George Wesley Smith, of Rayville, attorney for plaintiff, appellant.

Clyde R. Brown, attorney for defendant, appellee.

STATEMENT OF THE CASE

REYNOLDS, J.  On January 23, 1925, plaintiff applied for an injunction under Act 29 of 1924, and, under the emergency clause of the Act, obtained a temporary restraining order.

All parties were ordered to show cause on January 29, 1925, why a temporary injunction should not issue. On that day the defendants filed an answer both to the rule and on the merits.

The minutes of the court for that day read as follows:

"Jan. 29, 1925.  Answer to rule filed.
Rule heretofore filed herein taken up, tried in part and, for reasons orally assigned by the court, is continued and refixed for Monday, February 9, 1924.

"Feb. 10, 1925. In this case, the court ordered the minute recorded on page 311 of Minute Book H, dated Jan. 29, 1925, corrected and amended so as to read in accordance with the facts, as follows:

"The matter of the rule *nisi* as to the issuance of a preliminary injunction, after having been taken up for the purpose of trial on the face of the record and having heard the argument of the attorneys the court, in its discretion, concluded to have the case tried upon its merits at this time and so ordered. Plaintiff in the injunction objected to the proceedings upon the merits, contending that the merits could not be heard upon the trial of the rule *nisi* and further he was unprepared to go into the trial of the case and insisted upon the trial at this time as to whether or not a preliminary injunction should issue. The court took issue with him; however, concluding that he had a right to make further preparation in order to meet the issue of the case upon its merits, fixed the case for trial for February 10, 1925, and extended the preliminary restraining order until the 10th day of February for the reasons assigned in the application and for the further reason that the court thought he was justified in having the case continued. Plaintiff's counsel continued in his insistence that the preliminary restraining order should be tried and it be ascertained whether or not the court should grant the writ of preliminary injunction and excepted to the ruling of the court ordering the case to trial on its merits and reserved a bill of exceptions to the ruling of the court, which was granted."

On February 10, 1925, the case was tried on its merits on an agreed statement of facts.

## OPINION

From the minutes of the court it appears that the District Judge deemed it advisable that the issues on the merits as well as those on the rule *nisi* should be tried at the same time and he accordingly so ordered, continuing the restraining order in force until February 10, 1925, and set the case down for trial on that day both on the rule and on the merits.

Defendants' counsel insists that the court erred.

We think Act 29 of 1924, clearly contemplates that the rule *nisi* shall be tried in advance of the merits of the case and that the language in it "or may take proof as in ordinary cases" refers to the taking of proof in support of the issuance or refusal to issue an injunction; but we also think that the trial judge, in the dispatch of the business of his court, has large discretion and, under Sec. 2 of Article VII of the Constitution of 1921, may, in aid of its jurisdiction, issue all needful writs, orders and process.

In our opinion, the order of the court of January 29, 1925, fixing the case for trial both on its merits and on the rule for February 10, 1925, was within its discretion and was, in fact, equivalent to granting plaintiff a temporary injunction and setting the case down for trial on its merits. Plaintiff was in no way prejudiced thereby, for he was given twelve days thereafter in which to prepare for the trial on the merits, and when the case was called on February 10th he did not object to going to trial on the ground that he had not had sufficient time to prepare for it but, on the contrary, submitted his case on an agreed statement of facts.

Under these conditions we do not think there was any abuse of the discretion of the court in going into the trial of the case on its merits.

The only reason urged by plaintiff against the correctness of the judgment on the merits is that there was no evidence showing that the mortgage of the Central Savings Bank & Trust Company was recorded in Richland parish and hence it was without effect as to plaintiff in that parish.

Plaintiff's counsel says that the Supreme Court of this state has so held in a case appealed from Ouachita parish. He has not furnished us with a copy of the decision nor referred us to the place where it can be found, and we rather think he is mistaken as to its existence.

Plaintiff bought the automobiles in controversy in Ouachita parish at a time a chattel mortgage resting on them duly recorded in that parish and he could not defeat the force and effect of that mortgage by removing the cars from the parish. If he could, a chattel mortgage would furnish very little security, indeed.

We are convinced that under the agreed statement of facts the judgment of the lower court was correct insofar as it covers the issues covered by the agreed statement of facts; but all the issues set up by the plaintiff in his pleadings are not covered by the agreed statement of facts. The injunction sought was one restraining the sheriff of Richland parish from selling under executory process two automobiles which plaintiff alleged he bought from Cleveland Motor Co. Inc. He further alleged that these automobiles with several others were covered by one mortgage to The Central Savings Bank & Trust Co.; that plaintiff had paid the full price of the automobiles he bought, out of which the bank had been paid $900.00 on its debt; that the bank had agreed to release these automobiles and had subsequently sued out executory process against two of the others included in the mortgage, whereupon Eason and Averatt, who had bought these two others from the Cleveland Motor Co. and only partly paid for same, paid the balance of the bank's debt and, instead of cancelling the debt had conspired with the bank and one A. J. Criswell for the bank to assign its debt to said Criswell who thereupon had himself substituted as plaintiff in the executory proceedings instead of the bank and then proceeded to have a writ of seizure and sale issued to Richland parish and seized plaintiff's automobiles in an effort to collect the entire balance due on the bank's debt out of plaintiff's automobiles.

We are of the opinion that plaintiff, relying upon what he considered an absolute right to have the rule *nisi* passed on separately and in advance of the merits of the case failed to include in the agreed statement of facts or offer in evidence proof of all the facts alleged in the pleadings.

Had this failure been due to oversight, we would have been inclined to remand the case for the submission of additional evidence; but as plaintiff rested his case on what he considered to be an absolute right and therefore failed to offer evidence of all facts alleged in his petition, we think his case should be dismissed as of non-suit.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended so as to dismiss plaintiff's demand as in case of non-suit. Plaintiff to pay all costs of the lower court; defendant to pay the costs of the Court of Appeal.