## CUMBERLAND TELEPHONE AND TELEGRAPH CO. v. HERCULES COMPANY, LTD.

---

(March 29, 1926. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Pleading—Par. 112, 119.**

Erroneous averments as to the exact locus in quo cannot bar plaintiff's right to recover damages where defendant's

acts of negligence are otherwise established.

2. **Louisiana Digest—Appeal—Par. 729, 733.**

In an action ex delicto, when sufficient evidence has not been adduced in the trial court as to quantum of damages claimed, and where issues of fact appear to have been erroneously resolved against the plaintiff, the case will be remanded for a new trial.

Appeal from the First City Court, Section "C", Hon. Wm. V. Seeber, Judge.

Action by Cumberland Telephone and Telegraph Company against Hercules Company, Ltd., for damages.

There was judgment for defendant, and plaintiff appealed.

Judgment set aside and case remanded.

Alex W. Swords, of New Orleans, attorney for plaintiff, appellant.

R. C. Davey, of New Orleans, attorney for defendant, appellee.

BELL, J. Plaintiff sues defendant for damaging its cable while doing subsurface drainage work "between Freret and South Robinson Streets, on Audubon Street", in the City of New Orleans. The act of negligence claimed in the petition is that defendant, after exposing plaintiff's cable (a necessary incident to the performance of its drainage contract with the City of New Orleans), failed to notify plaintiff or give it an opportunity to properly and permanently replace its cable, and that notwithstanding plaintiff's request to be so notified defendant negligently backfilled the trench in which the cable was located, causing the cable to buckle, and requiring plaintiff to re-excavate and to properly replace its cable at an expense of $119.65. Defendant answers by denying that any work was done by it at the locality designated in the petition, but admits that it was engaged in completing a subsurface contract with the City of New Orleans between St. Charles Avenue and Freret Street. It fails, however, to affirm or deny that it was doing any work on Audubon Street, but admits that it did uncover about eighty feet of plaintiff's cable. It denies that in backfilling the trench it was in any manner negligent or that it caused damage of any sort to plaintiff's cable.

The evidence adduced by defendant's own witnesses establishes conclusively that the backfilling of the trench was done without any notice to the plaintiff company, and by unskilled labor employed by defendant. The trial judge seems to have dismissed plaintiff's suit solely upon the fact that defendant, at the trial of the case, proved that it had never been engaged in any subsurface work on Audubon Street between Freret and South Robinson Streets, and hence could not have caused the damage to plaintiff's cable lying within these intersecting streets. It is true that the averments of plaintiff's petition were clearly erroneous, as to the exact locus in quo, for the evidence shows that the cable was exposed at a point on Audubon Street, not between Freret and South Robinson Streets, but between Freret and St. Charles Avenue. There is no room for doubt, however, that the particular damage detailed in the petition was caused by the failure of defendant, who admits exposing the cable, to notify plaintiff in time to allow plaintiff opportunity for proper relaying of the cable. Defendant was as much obligated to plaintiff in this respect at the end of its subsurface work as it was in the beginning of its work, which caused the cable to be first exposed. It is conclu-

sively shown that the President and General Manager of the defendant company, as well as its inspector, was advised of the fact that plaintiff's cable had been temporarily suspended in the trench, awaiting completion of the subsurface drainage, and that it required skilled labor to relay same before backfilling. It was therefore defendant's duty, under the law, to give plaintiff ample notice and full opportunity to relay the cable in workmanlike manner. It is admitted that this opportunity was not given by defendant to the plaintiff. Sic utere tuo ut alienum non laedas.

Plaintiff appears to have been reimbursed for all actual damages to the cable itself, and that this damage has been paid by another tort feasor, who cut the cable at a point beyond that at which the excavations in question were being made. This fact led to the discovery that defendant's backfilling of the trench had caused the cable to buckle at the point first exposed. It follows, therefore, that the measure of damages caused by defendant's negligence can only be such expense as that to which the plaintiff was put in hiring ordinary labor to dig and refill some eighty feet of trench work, in which the new cable was ultimately and properly replaced.

For the reasons stated, we are of the opinion that the judgment appealed from should be set aside, and the case remanded for further trial in conformity with the views herein expressed.

It is ordered that defendant pay the cost of appeal, and that all other costs await the final determination of this matter.

Judgment set aside and case remanded.