### CONVENT et al. v. LAMA.
#### No. 16407.

Court of Appeal of Louisiana. Orleans.

Feb. 23, 1937.

Johnston Armstrong, of New Orleans, for appellants.

O. H. Dabezies, of New Orleans, for appellee.

WESTERFIELD, Judge.

As stated in our original opinion, the only issue in this case is the prescription of one year which has been pleaded by defendant's counsel. According to plaintiff, the accident, which forms the basis of this suit, happened òn June 13, 1934, and according to defendant on April 28, 1934. Since the suit was filed on May 7, 1935, the prescription of one year would have accrued if the date of the accident as given by defendant be correct.

On the trial of the case .Mr. Scivique, the rental agent of defendant, testified that he had called upon the plaintiff on April 28, 1934, in an effort to collect some overdue rent and that on that occasion plaintiff told him of her accident. He stated that he had made a note of this at the time in a book which he carried called his "repair book." He was asked to produce this book and agreed to do so, but, for some reason (in our original opinion we said it was due to oversight) the book was not produced. Counsel for plaintiff criticizes this statement and contends that the proper significance to be attached to this incident is that since the book was not produced it could not be.

A number of prescriptions issued by Dr. Mims, who treated plaintiff, were produced by the druggist, Paul A. Landix, who filled them. Some of these prescriptions were filled shortly after April 28th, and some shortly after the later date, June 13th. Plaintiff's counsel attempted to prove by Landix that the prescriptions bearing the earlier dates were not intended to allay pain but were given for indigestion and a cold. Upon objection of defendant's counsel, the testimony was excluded. It is contended that the court should take judicial cognizance of the fact that the ingredients mentioned in these earlier prescriptions such as seidlitz powders and

sodium bicarbonate could not have been intended to relieve any condition caused by the accident. In this we do not agree.

However, after a reconsideration of the matter, we have concluded to remand the case for the purpose of permitting the "repair book" to be introduced in evidence and for the further purpose of having the physician who issued the prescriptions explain their purpose. If the prescriptions which were issued just after April 28th were for an ailment having no connection with the accident, as counsel for plaintiff insists, and the prescriptions issued after June 13th were designed to alleviate plaintiff's suffering caused by the accident, plaintiff's case may appear in a more favorable light. Similarly the production of the repair book might favorably affect defendant's contention.

For the reasons assigned, our former decree is recalled and set aside and it is now ordered that this case be remanded to the first city court of New Orleans for further proceedings according to law and not inconsistent with the views herein expressed.

Original decree recalled, reversed and remanded.