of deceased or that any juror was prejudiced against defendants.

"Counsel for defendants presented no Bill of Exception to the argument of the District Attorney as to Edith Phipps not having taken the stand in her own behalf although objection was made and a bill was reserved at the time. The District Attorney was permitted to discuss the fact that Edith Phipps did not take the stand in his closing argument because Counsel for defendants explained in his argument to the jury why Edith Phipps did not take the stand and told the jury what she knew about the case and what her evidence would have been if she should have taken the stand. The District Attorney replied in his closing argument only to the argument made by counsel for defendants.

"Defendants offered no evidence to establish that the death of Frank Sharbino was caused by his taking Strychnine in Coffee. The Court, therefore, did not refuse defendant to establish such fact. Had such evidence been offered the court would have permitted such evidence to have gone to the jury.

"No Bill of Exception has been presented the court by counsel for defendants to the evidence of Dr. N. M. Brian. When Gladys Sharbino testified in her own behalf in response to questions propounded by her counsel she stated when Dr. Brian came to see Frank just before he died that Frank said: 'Dr. give me something. I am going to die. Give me a shot and let me die easy.' Before Dr. Brian could prepare to give the shot Frank died. There-fore, the statement of Dr. Brian was admissible as a dying declaration.

"All other questions raised by defendants in their motion for a new trial are questions passed on by the court during the trial as shown by Bills of Exceptions tendered by the Defendants, signed by the Court and filed herein."

For the reasons assigned, the conviction and sentence are affirmed.

194 So. 763

## TOWNLEY v. POMES et al.

### No. 35646.

March 4, 1940.

Adam H. Harper, of New Orleans, for applicant.

John May and Alvin R. Christovich, both of New Orleans, for respondents.

HIGGINS, Justice.

This matter is before us on a writ of certiorari to the Court of Appeal for the Parish of Orleans.

The plaintiff instituted an action ex delicto against the New Orleans Public Service, Inc., and Firmin E. Pomes, in solido, for damages for alleged personal injuries claimed to have been sustained while he was a passenger on a bus of the defendant carrier on June 29, 1937, at 6:20 a. m., when it is said that a collision occurred on the Jefferson Highway near Betz Avenue, Metairie, Jefferson Parish, La., as a result of the joint and concurrent negligence of the drivers of the truck and the bus.

The defendant carrier admitted that the plaintiff was a passenger on the bus and had paid his fare but denied liability, averring that its driver was free from fault and that the accident was caused solely through the negligence of the truck driver who failed to heed the bus driver's hand signal indicating that he intended to stop and, although it was daylight and there was nothing to intercept his view, recklessly ran into the rear of the bus. It further averred that the truck driver was negligent in driving at a high rate of speed.

The co-defendant Pomes answered, stating that the driver of the truck was free from negligence and that the proximate cause of the collision was the negligence of the bus driver, who, after passing the truck, sharply swerved the bus directly in front of it and then suddenly and abruptly stopped the bus without any warning.

When the case was tried on its merits in the district court, the plaintiff introduced the testimony of himself and his wife and the bus driver, who was called on cross-examination, for the purpose of showing that he (plaintiff) was a passenger on the bus, that the collision occurred and that he was injured. He also offered as a witness one of the doctors who had treated him, in order to prove the extent of his injury, and reserved his right to take the testimony of the other physician who was at the time absent from the City. The New Orleans Public Service, Inc., introduced its evidence including the testimony of the bus driver, Sentilles, and a witness, Mike Pizzolato, and rested. The defendant Pomes, after offering Dr. C. Gordon Johnson who had examined the plaintiff, as a witness, also rested. Pomes did not offer any evidence to support the allegations of his answer to the effect that the bus had passed his truck and pulled sharply in front of it and stopped suddenly.

When all of the testimony had been taken and written up, and after the case was

argued, the district judge stated from the bench that, in his opinion, the plaintiff had failed to sustain the burden of proof as against the New Orleans Public Service, Inc., and that judgment would be rendered in its favor. He also stated that it was his conclusion that the truck driver was guilty of negligence and, therefore, judgment would be rendered in favor of the plaintiff and against the co-defendant Pomes. Thereupon, Pomes' counsel stated to the court that, in view of the fact that the plaintiff had failed to introduce any evidence on the trial to show that the driver of the truck was acting within the scope of his employment, the court was not in a position to render judgment against Pomes. The judge then stated that, in justice to the plaintiff, the court would, ex proprio motu, grant him a new trial as to his suit against Pomes, in order to give the plaintiff an opportunity to establish the fact that the truck driver was the agent of Pomes and was acting within the scope of his employment. On January 24, 1939, the court rendered judgment in favor of the New Orleans Public Service, Inc., dismissing the plaintiff's suit as against it only, which judgment was signed on January 30, 1939. (In the meantime, there was pending in the Court of Appeal the case of Williams et al. v. Pomes, which involved seven separate suits filed in the First City Court by seven passengers who had been on the bus and were injured in the same accident.) Before a new trial could be had as to the defendant Pomes in the present case, the Court of Appeal for the Parish of Orleans handed down its opinion and decree in the case of Williams et al. v.

Pomes, La.App., 187 So. 145, in which it annulled the judgment of the trial court and dismissed the suits of the plaintiffs on the ground that the bus driver was solely at fault in suddenly driving the bus in front of the on-coming truck and then abruptly stopping without warning.

The plaintiff, on April 14, 1939, filed a rule to show cause, alleging that the judgment of the district court in favor of the New Orleans Public Service, Inc., was null and void on the face of the record, as it was rendered and signed after the granting of a new trial to the mover as against Pomes, and also, because the judgment was granted before the trial of all of the issues in the suit, as a part of the case was pending on a new trial; that the trial judge was without authority to dismiss the mover's cause of action against the carrier as a joint tort feasor with Pomes, prior to the new trial, as it separated the cause of action; and, in the alternative, that the judgment was not a definitive one, but merely an interlocutory judgment or order, and that it was within the power and discretion of the trial judge to grant a new trial against the New Orleans Public Service, Inc., after setting aside the judgment in its favor.

The rule was fixed for hearing on April 28, 1939, and counsel for plaintiff called the district judge's attention to the judgment of the Court of Appeal in the case of Williams et al. v. Pomes, supra, wherein the court had held that the bus driver of the New Orleans Public Service, Inc., was at fault, and then stated that, as a matter of equity and justice, in view of that judg-

ment, plaintiff was entitled to have his case reopened so as to permit him to put witnesses on the stand to establish his claim against the New Orleans Public Service, Inc.

On May 11, 1939, the district judge dismissed the rule, holding that the judgment in favor of the New Orleans Public Service, Inc. was a final one and that the plaintiff's only remedy was by appeal. On May 23, 1939, the plaintiff took a devolutive appeal from both judgments of the district court.

In the Court of Appeal, the plaintiff requested the court to take cognizance of its judgment in the case of Williams et al. v. Pomes, supra, where it had rejected the testimony of the bus driver and Mike Pizzolato, in considering in the present case whether or not the New Orleans Public Service, Inc., had failed as a carrier of passengers to exculpate itself from fault and, therefore, failed to rebut the presumption of negligence in favor of the plaintiff. He further asked the court, in the event it was unwilling to grant his request, to remand the case to the district court, in the interest of justice, so that he might complete the record by introducing additional testimony, which he had failed to do on account of the surprise move and unexpected action of Pomes in failing to offer any evidence for the purpose of establishing the averments of his answer. The Court of Appeal declined to consider what it had said about the testimony of the bus driver and Pomes in the Williams case, because the testimony offered by Pomes in that trial was not in the record in the case presently under consideration. The Court of Appeal also concluded that in the absence of any testimony other than that of the bus driver and Pizzolato, that the court was obliged to accept their explanation of the accident and hold the New Orleans Public Service, Inc., blameless. The court also refused to remand the case, being of the opinion that the plaintiff had had the opportunity to offer evidence and had failed to do so, citing Esmele v. Violet Trapping Co., Inc., et al., 184 La. 491, 166 So. 477.

Counsel for the relator, in this Court, strenuously contends that a manifest injustice has been done his client, as appears from the opinions of the Court of Appeal themselves, for, in the first instance they rejected the testimony and explanation of the bus driver and Pizzolato, labelling it "fanciful" and "discordant with the plausible probabilities," and in the instant case they accepted it, although the testimony in both cases is identical and covers the same accident.

We are of the opinion that the case of Esmele v. Violet Trapping Co., supra, is not in point, because there the defendant elected to submit their case without evidence, being of the opinion that the plaintiff had clearly failed to make out a case. The judge of the lower court rendered judgment dismissing the plaintiff's suit and, even in the appellate court, the defendants again stood upon the record as made up. It was only after this Court had concluded that the plaintiff had offered sufficient evidence to justify recovery that the defendants, for the first time, on an application for rehearing, asked the Court

to remand the case for the introduction of their testimony. We held that their request to remand came too late. Furthermore, in the present case there was an element of surprise at the unexpected action of the defendant Pomes in not offering any evidence.

The action of the trial judge, in dismissing the plaintiff's suit as against one defendant (New Orleans Public Service, Inc.) and holding the matter in abeyance for a new trial as against the other defendant (Pomes) placed the plaintiff in a position where the testimony that would be offered on a motion for a new trial would be ineffective against the New Orleans Public Service, Inc., because it had already been dismissed from the suit. The plaintiff was clearly entitled to a judgment against either one or both of the defendants, under the allegations of the petition and the averments of both defendants' answers. In short, it was inevitable that the plaintiff was entitled to ultimately recover a judgment for damages against either one or both of the defendants, as the defense of contributory negligence or that this was an unavoidable accident or a vis major was not pleaded. It was because of the separation of the records by the action of the trial judge that the plaintiff was unable to place all of the testimony before the court against both defendants, for, on the new trial the testimony would not be binding upon the New Orleans Public Service, Inc., which had already been dismissed from the suit. Counsel for the plaintiff protested against this action in the trial court, and, even if it be admitted that he was at fault

in originally contributing to the situation there, nevertheless, when the case reached the Court of Appeal, he again tried to have the matter rectified by asking that the case be remanded.

It is our opinion that the plaintiff's request for an opportunity to fully present the testimony and complete the record was properly and timely made and that under the circumstances surrounding the trial of the case and in the interest of justice, plaintiff is entitled to this consideration. Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711; Monticello v. Delavisio, La.App., 191 So. 162; Convent et al. v. Lama, La.App., 172 So. 553; Southern Hardware Co., Ltd. v. Barham, La.App., 180 So. 156; Cumberland Telephone & Telegraph Co. v. Hercules Co., Ltd., 3 La.App. 752; Rhymes v. Abell et al., 3 La.App. 389; Walker v. National Life & Accident Ins. Co. of Nashville, Tenn., La.App., 184 So. 603; Smith v. Unity Industrial Life Ins. Co., Inc., La.App., 184 So. 368; Wilkin-Hale State Bank v. Tucker et al., 153 La. 47, 95 So. 396; Hanna Motor Co. v. Wilson, Williams Intervenor, 6 La.App. 177; Landreneau v. Perron, La. App., 174 So. 140; Favrot v. Chappuis, 147 La. 1054, 86 So. 492; Travelers Ins. Co. v. Crescent Forwarding & Transportation Co., La.App., 178 So. 886, and Travelers Ins. Co. v. Crescent Forwarding & Transportation Co., Ltd., La.App., 176 So. 654.

For the reasons assigned, the judgment of the Court of Appeal for the Parish of Orleans affirming the judgment of the district court is annulled and set aside, and

It is now ordered, adjudged and decreed that the case be remanded to the district court for the introduction of such additional testimony and evidence as either plaintiff or defendant, or both of them may desire to offer, and in accordance with the views herein expressed; the costs of court to await the final judgment herein.