## TOWNLEY v. POMES et al.
### No. 17483.

Court of Appeal of Louisiana. Orleans.
Dec. 2, 1940.

John May and Alvin R. Christovich, both of New Orleans, for New Orleans Public Service, Inc., appellant.

Adam H. Harper, of New Orleans, for appellee.

McCALEB, Judge.

On June 29, 1937, at about 6:20 A. M., an omnibus of the New Orleans Public Service, Inc., was proceeding on the public highway in Jefferson Parish from the Huey P. Long Bridge in the direction of the City of New Orleans. When this bus arrived at a point shortly past the corner of Betz Avenue, it was run into from the rear by a truck owned by Firmin E. Pomes and operated by his employee, Edward Claiborne.

As a result of the accident, several of the passengers in the bus, including the plaintiff, Elbert L. Townley, sustained personal injuries.

Thereafter, the plaintiff brought this suit against the New Orleans Public Service, Inc., and Firmin E. Pomes for the recovery of damages in solido, alleging that the collision was caused by the combined and concurring fault of the bus operator, W. J. Sentilles, and the truck driver, Edward Claiborne.

In due course, the defendants filed separate answers to plaintiff's petition in which they admitted the happening of the accident but disclaimed any liability to the plaintiff for the consequences thereof. The bus company, by way of special defense, set forth that its driver was free from negligence; that, at the time of the accident, the omnibus was being operated at a moderate speed on the right or proper side of the road; that, as the bus neared the intersection of Betz Avenue, the operator thereof slowed down for the purpose of taking on a passenger; that, in doing so, he gave a hand signal indicating his intention to stop and that, notwithstanding this, the driver of the Pomes truck, which was traveling in the rear of the bus at a high rate of speed, failed to exercise any precaution whatsoever and ran his truck into the rear of the bus.

Conversely, the defendant Pomes asserted in his answer that his employee Claiborne was free from fault. He alleged that Claiborne was driving the truck on the highway at a reasonable rate of speed; that, prior to the accident, the bus had been traveling in the rear of the truck; that, when the truck reached the corner of Deckbar Avenue, the bus overtook it and attempted to pass it; that, just as soon as the bus had barely advanced ahead of the truck, its driver swerved it sharply to the right and directly in front of the truck where it was brought to a sudden and abrupt stop for the purpose of taking on a passenger; that Claiborne could not anticipate the unexpected swerve and stop of the bus directly in the path of the truck and that, although he applied his brakes as quickly as possible, he was unable to avoid striking the back of the bus.

The case was set down for hearing and, at the first trial in the District Court, there was judgment dismissing plaintiff's suit as against New Orleans Public Service, Inc. An appeal was taken to this court by plain-

tiff from that judgment and it was affirmed here. 191 So. 702. Thereafter, upon application of the plaintiff, writs of review were granted by the Supreme Court and that court reversed our finding and remanded the case to the trial court in order to permit plaintiff and the defendant to submit further testimony. 194 La. 730, 194 So. 763.

In accordance with the ruling of the Supreme Court, the matter was reopened in the District Court and additional evidence was heard. After hearing the proof submitted, the trial judge found for the plaintiff and awarded him a judgment for the sum of $1,630 against the defendants, in solido. From this adverse decision, the defendant New Orleans Public Service, Inc., has prosecuted this appeal.

This is the third time we have been called upon to review the liability of Pomes and the New Orleans Public Service with respect to the accident which forms the basis of this suit. In view of this, we believe it is apt to state briefly a history of the litigation.

As we have stated above, there were several passengers on the omnibus who sustained personal injuries as a consequence of the collision between the truck and the bus. Seven of these injured passengers, not including the present plaintiff, instituted suit on August 9, 1937, in the First City Court of New Orleans against Pomes, the truck owner, each claiming damages in the sum of $300 and alleging that the accident was caused solely as a result of the negligence of Claiborne, the truck driver, in running the truck into the rear of the bus. The New Orleans Public Service, Inc. was not joined as party defendant to those actions. The cases were consolidated for trial in the City Court and, after hearing, there were separate judgments entered in favor of each of the plaintiffs in various amounts, all of which were less than the sums they claimed.

The defendant Pomes thereafter appealed to this court from the adverse decision. After hearing in this court, we handed down our opinion in the case entitled Williams et al. v. Pomes, 187 So. 145, where we found that the accident was caused solely as a consequence of the negligence of the bus driver of the New Orleans Public Service and that the defendant Pomes and the driver of his truck, Edward Claiborne, were free from fault. The judgment of the First City Court was accordingly reversed and the plaintiffs' suits dismissed at their cost.

On January 11, 1938, prior to our decision in the cases of Williams et al. v. Pomes, supra, the plaintiff Townley filed the present action against the New Orleans Public Service and Pomes, in solido, seeking damages for the injuries he sustained as a result of the collision. The defendants, as above set forth, filed separate answers to plaintiff's petition in which they each contended that the accident was caused solely as a result of the negligence of the other.

At the trial of the case, the New Orleans Public Service produced several witnesses in support of its defense. Its main witness was Sentilles, the bus driver, who testified that he was driving the bus at a reasonable rate of speed on the Jefferson Highway and was proceeding from the Huey P. Long Bridge in the direction of New Orleans; that, when he approached Betz Avenue, he slowed down for the purpose of picking up a passenger and hand-signalled his intention to come to a stop; that, at that time, he noticed, through the rear view mirror of the bus, a truck coming behind him at a high rate of speed and that the truck, without any warning whatsoever, crashed into the rear of the bus at a point just past the corner of Betz Avenue. In short, the evidence of Sentilles given at the trial of this case was substantially in accord with the allegations of the answer of the New Orleans Public Service, Inc., and was identical with the testimony he had previously given in the cases of Williams et al. v. Pomes, supra.

On the other hand, the defendant Pomes not only failed to produce Claiborne, the truck driver, and Young, his helper, to sustain the theory of his defense that the accident was caused through the negligence of the bus operator but the plaintiff, upon Pomes' failure in that respect, did not tender those witnesses to rebut the evidence submitted by the New Orleans Public Service, Inc.

After the conclusion of the evidence, the case was continued to January 24, 1939, for argument. On that day, the judge, after hearing counsel, expressed the opinion that he was satisfied that the evidence presented by the Public Service was sufficient to exonerate it from liability and that he was convinced that the accident was caused by the carelessness of the truck driver Claiborne. He accordingly dismissed plaintiff's suit insofar as the New Orleans Public Service was concerned and reopened the case as to the defendant Pomes in order to

permit the plaintiff to introduce proof to show that Claiborne, the truck driver, was acting within the scope of his employment at the time of the accident. This judgment was signed on January 29, 1939, which was prior to the date upon which we handed down our opinion in Williams et al. v. Pomes, supra.

On April 14, 1939, after we had decided Williams et al. v. Pomes, supra, the plaintiff, proceeding by way of rule, attacked the validity of the judgment dismissing his suit as against the New Orleans Public Service, Inc. He maintained that that judgment was null and void because it had been rendered and signed after the case had been reopened as to the defendant Pomes and, alternatively, that it was within the discretion and·power of the court to set the judgment aside since it was merely an interlocutory decree. He also suggested that, in view of the decision of this court in Williams et al. v. Pomes, supra, where we had held that the accident was solely attributable to the carelessness of the omnibus driver,. Sentilles, a new trial should be granted as to the New Orleans Public Service and that he should, in the interest of justice, be permitted to introduce the evidence of Claiborne, the truck driver of the defendant Pomes, and his helper, Young.

After hearing argument on this rule, the District Court discharged it on the ground that the judgment as to the Public Service was final and that the court was without further jurisdiction of the matter. The plaintiff thereafter prosecuted an appeal to this court from the judgment dismissing his suit as against the New Orleans Public Service and also from the order discharging the rule wherein he sought to have that judgment declared null and void. On the appeal (see Townley v. Pomes, et al., 191 So. 702), we affirmed the judgment of the District Court, holding (1) that the judgment was final and not interlocutory as contended for by plaintiff; (2) that, in spite of the conclusion reached in the case of Williams et al. v. Pomes, supra, the district judge did not commit manifest error in accepting the testimony of the bus driver Sentilles as genuine in the absence of the testimony of the truck driver Claiborne and his helper Young, (upon which our prior decision had been based), and (3) that we would not remand the case to permit plaintiff to introduce further evidence since plaintiff should have, on Pomes' failure to produce Claiborne and Young, pleaded surprise and should have requested of the court a continuance in order that he might tender the testimony of those witnesses.

After our decree became final, plaintiff applied to the Supreme Court for writs of review. These writs were granted and, after consideration, the Supreme Court reversed our judgment, holding that plaintiff's request for an opportunity to fully present the testimony of Claiborne and Young and complete the record was properly and timely made and that, under the circumstances, the matter should be reopened in the interest of justice. The court accordingly ordered that our judgment be set aside and that the case be remanded to the District Court for the introduction of such additional testimony as either plaintiff or defendant or both of them might desire to offer. See Townley v. Pomes, 194 La. 730, 194 So. 763.

In conformity with the orders of the Supreme Court, the matter was thereupon reopened in the District Court. The administratrix of the Succession of the defendant Pomes (who had died during the pendency of the appeal) was made party to the suit and thereafter further evidence was taken in the case. The testimony offered with respect to the negligence of the bus driver of the New Orleans Public Service consisted principally of the statements of Edward Claiborne, the driver of the Pomes truck, and his helper, Whitmore Young, which statements are substantially in accord with the evidence previously given by them in the case of Williams et al. v. Pomes, supra.

Notwithstanding this testimony and the finding of this court in Williams et al. v. Pomes, supra, the District Judge, in his written reasons for judgment, expresses the.view that the evidence of Claiborne and Young is insufficient to overcome the statement of Sentilles, the bus driver, and it is his opinion that the latter's version of the accident is correct. He further is of the opinion that the testimony of Sentilles is corroborated by the evidence given by the plaintiff Townley and that, if, in the case of Williams et al. v. Pomes, supra, this court had had before it the testimony of Townley, it would have come to the conclusion that the evidence of Claiborne and Young does not set forth the true facts with respect to the movements of the bus and the truck prior to the accident. The judge, in spite of the credence he attaches to Sentilles' evidence, is nevertheless of the view that the New Orleans Public Service is lia-

ble to plaintiff, in solido, with the defendant Pomes because he feels that Sentilles did not exercise the highest degree of care (which he owed to his passengers under the law) inasmuch as he slowed down his bus for the purpose of taking on a prospective passenger at a time when he should have realized that the Pomes truck might crash into the rear of the bus.

■ While we concur in the result reached by the District Judge with respect to the liability of the defendant New Orleans Public Service, we are unable to coincide with the reasons upon which his conclusions are predicated. We have carefully examined the testimony of the bus driver Sentilles and have weighed his evidence against that given by the truck driver Claiborne and his helper Young. All of this evidence is substantially the same as that previously given by these same witnesses in Williams et al. v. Pomes, supra, and we have been unable to discover any sound reason for altering the conclusions we reached in that matter. On the contrary, we now hold, as we have heretofore found, that: "If we accepted the story of plaintiffs' witnesses, we would be compelled to resolve that Claiborne, the truck driver, either deliberately ran into the rear of the bus or that he had a temporary mental lapse during which time he was without control of his faculties. Such a result is, we think, not justified in the face of the positive testimony of the truck driver whose statement of the occurrence impresses us favorably." [187 So. 146.]

Our brother below expresses the opinion, however, that, in Williams et al. v. Pomes, supra, we did not have the benefit of the testimony of Townley, the plaintiff in this suit, whose evidence he feels is sufficient to give credence to the story told by the bus driver Sentilles. But, in our appreciation of plaintiff's testimony, we find nothing contained therein which would prompt us to change our former view concerning the veracity to be accorded to the statement of Sentilles. The plaintiff merely states that he was seated as a passenger in the bus; that, prior to the accident, the bus was traveling at a fast rate of speed; that it slowed down for the purpose of picking up a passenger and that the bus driver evidently changed his mind and did not stop for the passenger prior to the collision. This evidence of the plaintiff is quite similar to the testimony given by the various plaintiffs in Williams et al. v. Pomes, supra, and we do not attach considerable importance to it since we are impressed with the thought that the bus passengers were not paying particular attention to the operation of the vehicle prior to the accident.

■ Counsel for New Orleans Public Service, Inc., suggest to us, in oral argument and in brief, that, since two trial judges have exonerated the Public Service from blame, we should now be convinced that their appreciation of the evidence is correct and that the views we expressed in Williams et al. v. Pomes, supra, are not well founded. In other words, counsel proclaim that, since two trial judges, who saw and heard the witnesses, have found that the statement of Sentilles is genuine, there is a double reason for us to apply the rule that the findings of a trial judge on questions of fact will not be disturbed unless manifestly erroneous. The answer to this argument is that it is our duty to decide questions of fact as well as of law and, although we are ordinarily reluctant to reverse the rulings of a trial judge on questions of fact, it is incumbent upon us to do so where we feel that his conclusions are not warranted by the evidence.

Being of the opinion that the accident resulted from the negligence of the operator of the New Orleans Public Service bus for the reasons as heretofore set forth in Williams et al. v. Pomes, supra, we pass on to a consideration of the quantum of damages allowed to plaintiff by the district court. Plaintiff has answered this appeal, setting forth that the award of $1,-630 granted him by the court below is inadequate and should be increased to $5,-243, the amount claimed by him in his petition.

The main injury received by plaintiff in the accident consisted of a painful contusion to his back. His physician, Dr. J. Shumard George, who visited plaintiff on the day of the accident, stated that, in addition to the back injury, plaintiff also suffered a contusion of the neck and a possible concussion of the brain. According to Dr. George's testimony, as corroborated by the plaintiff and his wife, plaintiff was required to remain in bed for a period of 20 days and he could not return to work until 40 days from the date of the accident. It is further shown that plaintiff was compelled to use a rubber girdle to support his back for quite some time.

Dr. Edward H. Maurer, an orthopedic specialist, who testified as an expert on behalf of plaintiff, stated that an examination of the plaintiff revealed that he was suffering with hypertrophic arthritis of the back (which is the medical term for rheumatism). It is Dr. Maurer's belief that the arthritis from which plaintiff ails is either attributable to the blow he received in the accident or that the disease has become more active since he was injured.

On the other hand, Dr. Joseph T. Scott, Jr., testifying for the New Orleans Public Service, and Dr. C. Gordon Johnson, testifying for the defendant Pomes, both say that the arthritic condition is not attributable to the accident.

In view of the conflict of opinion between the medical experts in the case concerning the relation of the arthritis to the accident, we entertain considerable doubt that the disease has any causal connection with the traumatic injuries. Aside from this, the evidence seems clear that the hurts sustained by plaintiff were painful and that, as a direct consequence, he was incapacitated from performing any work for an appreciable length of time. Considering all the circumstances of the case, we believe that the award of the District Judge in the sum of $1,630 is approximately correct.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.