STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 1106

THE SUCCESSION OF ANTHONY CIERVO, JR.

VERSUS

KIMBERLY L. ROBINSON, SECRETARY, DEPARTMENT
OF REVENUE, STATE OF LOUISIANA

Judgment Rendered: __APR 1 6 2021__

Appealed from the
Louisiana Board of Tax Appeals
State of Louisiana
Case No. 10832D

The Honorable Judge Tony Graphia (Ret.), Chairman Presiding
Cade R. Cole, and Frances "Jay" Lobrano, Board Members

************

William A. Neilson, Sr.          Counsel for Plaintiff/Appellee,
Kyle A. Spaulding                The Succession of Anthony Ciervo, Jr.
New Orleans, LA

Kevin M. Wheeler
Perry R. Staub, Jr.
Donald J. Miester, Jr.
New Orleans, LA

Miranda Y. Scroggins            Counsel for Defendant/Appellant,
Antonio C. Ferachi              Kimberly L. Robinson, Secretary,
Wendy Ramnarine                 Department of Revenue, State of
Brandea P. Averett              Louisiana
Debra Morris
Brian DeJean
Daryl Causey
Baton Rouge, LA

************

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WHIPPLE, C.J.**

This matter is before us on appeal by Kimberly Robinson, in her capacity as the Secretary of the Department of Revenue for the State of Louisiana (LDR), challenging a judgment of the Board of Tax Appeals (BTA) granting a motion for entry of judgment filed by the Succession of Anthony Ciervo, Jr. ("the Succession"). For the reasons that follow, we affirm.

## PROCEDURAL HISTORY

This matter was previously appealed to this court in Succession of Ciervo v. Robinson, 2019-0140 (La. App. 1st Cir. 12/12/19), 291 So. 3d 1063.[1] In the prior opinion (Succession of Ciervo 1), this court reversed the September 11, 2018 judgment of the BTA, which dismissed the Succession's Petition for Redetermination of Assessment, and remanded the matter to the BTA "for further proceedings in accordance with this opinion." Succession of Ciervo, 291 So. 3d at 1080.

Following remand to the BTA, the Succession filed a motion for entry of judgment, "in accordance with the [prior] decision" of this court, seeking the dismissal and abatement of the taxes, penalties, and interest in the Notices of Assessments that had issued to the Succession. In response, the LDR contended that the Succession was not entitled to such relief as this court's opinion in Succession of Ciervo 1 was not a final judgment and the purpose of the remand was to allow for a new trial of the case to "resolve... unanswered questions." The Succession countered that Succession of Ciervo 1 reversed the BTA judgment because this court found that the LDR did not meet its burden of proof and, further, that the remand order did not provide a basis for another evidentiary hearing and trial on the merits.

---

[1] For a more detailed recitation of the facts of this matter, see this court's previous opinion in Succession of Ciervo, 291 So. 3d 1063.

2

In response to the remand order, the BTA held a hearing on March 11, 2020, wherein the parties presented argument regarding the purpose of the remand to the BTA. At the conclusion of the hearing, the BTA found that the remand was ordered for the purpose of "enter[ing] a judgment granting the petition and vacating the assessments." The BTA thus signed a judgment on March 12, 2020, in accordance with this finding.

From this judgment, the LDR appeals, contending that the BTA erred in granting the Succession's Motion for Entry of Judgment.

## DISCUSSION

The LDR appeals the judgment of the BTA pursuant to LSA-R.S. 47:1434(A), which, as pertinent to this appeal, provided that within thirty days of the signing of a decision or judgment of the BTA, any party may file a motion with the BTA for review of the decision or judgment by the appropriate appellate court.[2] Judicial review of a decision of the BTA is rendered upon the record as made before the BTA and is limited to facts on the record and questions of law. The BTA's findings of fact should be accepted where there is substantial evidence in the record to support them and should not be set aside unless they are manifestly erroneous in view of the evidence on the entire record. R & B Falcon Drilling USA, Inc. v. Secretary, Dept. of Revenue, 2009-0256 (La. App. 1ˢᵗ Cir. 1/11/10), 31 So. 3d 1083, 1085. However, with regard to questions of law, the judgment of the BTA should be affirmed if the BTA has correctly applied the law and has adhered to the correct procedural standards. However, if the BTA's judgment is not in accordance with law, it may be reversed or modified, with or without remanding the case. Bannister Properties, Inc. v. State, 2018-0030, 2018-0031,

---

[2]The version of LSA-R.S. 47:1434(A) applied herein is subsequent to its revision by La Acts 2020, La. No. 278 §1, effective July 1, 2020.

2018-0032, 2018-0033 (La. App. 1st Cir. 11/2/18), 265 So. 3d 778, 785, writ denied, 2019-0025 (La. 3/6/19), 266 So. 3d 902.

Pursuant to LSA-C.C.P. art. 2164, courts of appeal have the power to remand a case for the introduction of additional evidence if grave injustice might result from failure to do so. Such a remand is warranted only when the new evidence is likely to affect the outcome of the case, and the power to remand on this basis should be exercised sparingly. Whether a particular case is remanded is a matter over which the court has much discretion and is governed by the particular facts and circumstances in each case. Cottonport Bank v. Garrett, 2012-0688 (La. App. 1st Cir. 12/21/12), 111 So. 3d 431, 436-37, writ denied, 2013-0165 (La. 3/1/13), 108 So. 3d 1182. However, a case ordinarily will not be remanded to allow a party to produce evidence which was available in the first instance. Our Lady of the Lake Hosp., Inc. v. Carboline Co., 632 So. 2d 339, 343 (La. App. 1st Cir. 1993), writs denied, 94-0287 (La. 3/25/94), 635 So. 2d 228 and 94-0753 (La. 5/6/94), 637 So. 2d 1052.

On appeal, the LDR argues that the BTA committed reversible legal error in granting the Succession's motion for entry of judgment and refusing to allow the LDR to present evidence on remand and essentially misconstruing the purpose of the remand ordered in Succession of Ciervo 1. The LDR avers that this court remanded the case for the introduction of evidence that Succession of Ciervo 1 noted was not in the record. The LDR maintains that it "was never afforded the opportunity to put on any evidence to support its case" at the May 8, 2018 hearing when the BTA granted the Succession's Motion in Limine and excluded any evidence of fraud because it was not affirmatively pled. The LDR argues that on remand, it should have been allowed to present its evidence on fraud and other issues, as the judgment of this court was not final. Specifically, the LDR argues

4

that "[h]ad this court intended to issue a final definitive judgment, ... it could have done so... ."

The Succession maintains that the sole issue in this matter was prescription, and that when this court reversed the original judgment, this court ruled that the LDR did not satisfy its burden of proof at the hearing. The Succession maintains that the purpose of the remand was solely to grant the relief the Succession prayed for in its petition, namely, to enter judgment in its favor setting aside the assessments. The Succession further notes that in the prior appeal, the Succession appealed the BTA's 2018 judgment, but the LDR did not answer the appeal or file a cross-appeal regarding any of the rulings from the trial court, including the rulings that precluded the LDR from presenting evidence of fraud or calling witnesses in the prior proceeding. Thus, the Succession argues, the LDR is precluded from now challenging the rulings of the BTA that were made before the original appeal and arguing that the LDR was not given an opportunity to present evidence at the hearing. We agree.

The issue presented by this appeal is a narrow one, namely, whether the BTA correctly entered judgment in favor of the Succession, considering this court's ruling and remand order in Succession of Ciervo 1. On review of the record and the prior opinion, we find nothing in the prior opinion of this court which suggests that the remand was for the purpose of introducing additional evidence into the record. While the LDR argues that it "was never afforded the opportunity to put on any evidence to support its case" due to the BTA's ruling on Succession's motions in limine filed before the 2018 hearing, we note that the proper procedural vehicle to contest an interlocutory judgment is by application for supervisory writ filed within thirty days of the interlocutory judgment. See LSA-C.C.P. art. 2201; Matter of Succession of Porche, 2016-0538 (La. App. 1st Cir. 2/17/17), 213 So. 3d 401, 406, n.2. Moreover, the LDR's witnesses were excluded

5

by the BTA as a result of the LDR's failure to timely disclose its witnesses, a sanction that is permitted under LSA-C.C.P. art 1551(C) for failure to obey a pretrial order. See Robertson v. Lafayette Ins. Co., 2011-0975 (La. App. 4th Cir. 2/8/12), 85 So. 3d 186, 189-90 (finding the trial court did not abuse its discretion in disallowing plaintiff's witnesses for failure to file a witness list in accordance with the pretrial order); see also LAC 69.I.317(B).

In Succession of Ciervo 1, this court specifically found manifest error in the BTA's conclusion that prescription was suspended by the filing of false returns with the intent to evade taxes. Thus, this court reversed the judgment dismissing the Succession's petition, and "remand[ed the] matter to the BTA for further proceedings in accordance with this opinion." In doing so, this court specifically noted that the LDR failed to carry its burden of proof of fraudulent intent by clear and convincing evidence. Succession of Ciervo, 291 So. 3d at 1080.

In deciding the merits of the instant appeal, we rely on the plain words of this court and note that nowhere in the opinion did this court instruct the BTA to hear additional evidence, nor did this court state that the remand was for the purpose of hearing or allowing additional evidence on matters for which the LDR failed to meet its burden of proof. Cf. Favrot v. Chappuis, 86 So. 492, 493 (La. 1920) ("[T]he ends of justice will best be subserved by remanding the case for further evidence."); Succession of Pop v. Inheritance Tax Collector, 87 So. 508, 509 (La. 1920) ("[T]he lower court was directed to proceed with the case 'in accordance with the views herein expressed.'... This court passed finally upon all the issues, and remanded the case only for the doing of whatever else remained to be done in the case after all the said issues had been thus settled."); Elchinger v. Lacroix, 189 So. 572, 575 (La. 1939) ("We must remand the case, therefore, in order that the plaintiff may offer evidence on the hearing of the motion for a new trial...."); Bridges v. Offshore Drilling Co., 2010-2214 (La. App. 1st Cir. 7/8/11),

6

69 So. 3d 738, 748 ("[W]e are unable to determine whether the Board's factual findings were reasonably supported by the record (or manifestly erroneous) or whether the Board's ruling was in accordance with law. Therefore, we remand this matter to the Board for a determination of this issue.")

Accordingly, we find the BTA correctly declined to re-open the matter for additional evidence by the LDR. Thus, we find no error on the part of the BTA in granting the Succession's Motion for Entry of Judgment in its favor or in ordering the abatement in full of the specified taxes, interest, penalties and charges for the specified years and amounts associated with the Notices of Assessments.

This assignment of error lacks merit.

## CONCLUSION

Based on the above and foregoing reasons, the March 12, 2020 judgment of the Board of Tax Appeals in favor of the Succession of Anthony Ciervo, Jr. and against the State of Louisiana, Department of Revenue, is hereby affirmed. Costs of this appeal in the amount of $2,336.00 are assessed to the State of Louisiana, Department of Revenue.

**AFFIRMED.**