O’NIELL, C. J.
 

 This is a suit for damages for an alleged breach of a building contract. It is brought by the owner of the property against the contractor and the surety on his bond.
 

 The contract, dated the 1st of May, 1922, was for the construction of a two-story brick building on two lots belonging to the plaintiff in the town of Gibbsland. The contract price was $10,725, payable in installments as the work progressed, provided, that not more than SO per cent, of the total cost should be paid until after completion and acceptance of the building. The contractor was to furnish all material, and to complete the building on or before the 15th of August, 1922, or pay damages at the rate of $10 a day from that date until the completion of the building. Because of delays — some chargeable to the owner of the property and others to the contractor — the building was not completed within the time stipulated; and in fact it was not quite completed when, on the 3d of October, 1922, it was destroyed by fire of unknown origin. The owner made demand on the contractor and the surety company, on the 27th of January, 1923, to reconstruct and complete the building according to the contract; which they declined to do; hence this suit. The plaintiff claims $9,350 damages. She claims $4,350 as the stipulated damages, at $10 a day, for 435 days (that is to say, from the 15th of August, 1922, to the date when — as she estimates — another building could be constructed according to the original plans and specifications); and she claims $5,000 damages for the additional amount which she says it would have cost her to have another building constructed according to the original plans and specifications, over and above the contract price of $10,725.
 

 The defendant pleaded that the plaintiff’s petition disclosed no cause or right of action; and, answering the suit, he denied liability, and set up a reconventional demand for $5,-000, which he alleged was the balance due him for material furnished and work done on the building at the time of the fire.
 

 - The district court gave judgment in favor of the plaintiff for $340, being the stipulated
 
 *225
 
 damages at $10 a day for the 49 days’ delay from the loth of August, 1922, to the date of the fire, less 15 days’ delay, which were charged to the plaintiff. She has appealed from the decision. The defendant, answering the appeal, prays for a reversal of the judgment, and for judgment on his reconventional demand for $5,000.
 

 After answering the appeal, the appellee filed a motion to remand the case in order to introduce proof of the fact that, after the ease was tried in the district court, the plaintiff collected from the Hartford Fire Insurance Company on a policy (or binder) of insurance on the building $8,000, plus $833.90 interest. Attached to the motion to remand is a certified copy of a judgment rendered by the United States District Court for the Western district of Louisiana, • against the Hartford Fire Insurance Company and in favor of the plaintiff, dated the 30th of October, 1924, for $8,000, and 5 per cent, interest per annum from the 28th of June, 1923; and there is also attached to the motion a duplicate copy of a receipt showing that the plaintiff collected from the insurance company, on tho 10th of July, 1925, $8,833.90, in satisfaction of the judgment and accrued interest. If the proof that the plaintiff had the building insured in her favor and collected the insurance were essential to a decision of this case, and if the facts in that respect were not admitted, we would have to remand the ease in order to have the evidence introduced, because evidence is not admissible originally in an appellate court, except for the purpose of determining whether the court has jurisdiction over a case before it. Constitution, art. 7, § 10. The fact that the plaintiff collected the insurance, however, is not disputed, and, as we understand, is admitted. And that fact is not so important, in deciding this case, as is the fact that, in the building contract between the plaintiff and the defendant, the plaintiff assumed the risk of a destruction of the building by fire, and was obliged to take out insurance in her favor as soon as the construction reached the stage where an insurance company would insure the building. The plaintiff’s suit against the Hartford Fire Insurance Company, on the insurance policy, or binder, for $8,000, was pending when this suit was tried, and a certified copy of the record in the suit against the insurance company was introduced in evidence in this case. We have therefore enough evidence of the facts to avoid the necessity of, remanding the case.
 

 This suit is founded upon article 275S of the Civil Code, which provides:
 

 “When the undertaker [meaning contractor] furnishes the materials for the work, if the work be destroyed, in whatever manner it may happen, previous to its being delivered to the owner, the loss shall be sustained by the undertaker [contractor], unless the proprietor be in default for not receiving it, though duly notified to do so.”
 

 The obligation or risk imposed upon the contractor by article 2758 of the Code is, of course, not a matter of public policy, and may be dispensed with, or assumed by the other party to the contract. In this case the risk of destruction of the building by fire, before completion, and the obligation to insure it as soon as it reached the stage of completion where it could be insured, were assumed by the plaintiff, as owner of the property, in the building contract; for the contract contained this clause:
 

 “It is further understood that the contractor shall be wholly responsible for the building and materials placed on the ground during construction and until said building is completed, except in case of fire, in which event the owner shall protect herself by insurance after such time as the building is insurable.”
 

 The building had cost, on account of extra work and material, more than the contract price, at the time of the fire. The contractor carried $11,000 insurance on his in
 
 *227
 
 terest in the work, and collected $5,948.47 on the policy, which, with the amounts which he had collected, from the owner, covered his outlay. The $8,000 of insurance collected by the plaintiff was more than she had paid the contractor; besides which, she retained the salvage or what remained of the building and material, valued at $2,500, after the fire. According to the plaintiff’s allegations and proof, the building was worth three-fourths of the total cost of completion, and according to the defendant’s proof it was worth more than nine-tenths of the total cost of completion—and it would have been completed and delivered in two weeks—at thé time of the fire.
 

 The contractor was not under obligation to construct another building when the one which he had almost completed was destroyed by fire. Article 1933, par. 2, of the Civil Code, declares that where, by a fortuitous event, the contractor is hindered from doing what he has contracted to do, no damages can be recovered for the inexecution of the contract. The parties to the contract, in this instance, did not stipulate or contemplate that, if the building should be destroyed by fire after reaching the stage of completion at which it would be insurable, as a building, against loss by fire, the contractor would be obliged to construct another building. On the contrary, the contract provided that, at that stage of completion of the building,, the risk of fire was not on the contractor but on the owner of the property; and the loss by fire was the loss of her property, not his.
 

 There is no merit in the plaintiff’s claim for damages, beyond the stipulated penalty of $10 a day from the 15th of August, 1922, to the date of the fire. In the third paragraph of article 1933 of the Civil Code it is said that there are only two exceptions to the rule stated in the second paragraph, which we have quoted. The exceptions are, first, when it is stipulated in the contract, or implied therefrom, that the contractor, assumes the risk of the fortuitous event; or, second, if the fortuitous event was preceded by some fault of the contractor, without which the loss would not have occurred. As we have shown, the plaintiff expressly assumed the risk of destruction of the building by fire, and the obligation to insure it; and it is not—and could not be reasonably—contended that the destruction of the building by fire was caused by the delay .in its construction. Besides, article 1934, par. 5, and article 2125 of the Civil Code declare that, where the parties to a contract have stipulated the amount that shall be paid as damages for its breach, the party breaching the contract is liable to that extent, but not beyond. Godwin v. Davidson, 163 La. 804, 112 So. 728.
 

 We have read the voluminous record of the testimony on the question as to how many of the 49 days’ delay were chargeable to the plaintiff and how many to the defendant, and we cannot make a more accurate apportionment than the district judge has made.
 

 There is no merit in the defendant’s re-conventional demand. His insurable interest in the building, was limited to the balance due him by the owner, and he collected that much from the insurance company. If he had collected more of the balance due him from the owner, before the fire, his insurable interest would have been that much less, and hers that much more.
 

 The judgment is affirmed.