**TOWNLEY v. POMES et al.**

**No. 17227.**

Court of Appeal of Louisiana. Orleans.

Oct. 30, 1939.

Rehearing Denied Nov. 13, 1939.

Writ of Certiorari Granted Jan. 9, 1940.

Adam H. Harper, of New Orleans, for appellant.

John May and Alvin R. Christovich, both of New Orleans, for appellee New Orleans Public Service, Inc.

McCALEB, Judge.

On June 29, 1937, the plaintiff, Elbert L. Townley, was a passenger for hire on an omnibus of New Orleans Public Service, Inc., which was proceeding on the highway in Jefferson Parish from the Huey P. Long Bridge in the direction of New Orleans. When the bus arrived at a point shortly past the corner of Betz Avenue, it was run into from the rear by a truck owned by Firmin E. Pomes and operated by his employee, Edward Claiborne. The plaintiff and several other passengers of the omnibus received personal injuries as a result of the collision.

Thereafter, the plaintiff brought this action for restitution in damages against New Orleans Public Service, Inc., and Pomes, in solido, alleging that the collision was caused by the combined and concurring fault of the bus operator, W. J. Sentilles, and the truck driver, Edward Claiborne.

In due course, the defendants filed separate answers in which they admitted the happening of the accident but disclaimed any liability to plaintiff for the consequences thereof. The bus company, by way of special defense, proclaimed that its driver was free from negligence; that, at the time of the accident, he was operating the bus at a moderate speed on the right or proper side of the road; that, as he neared the intersection of Betz Avenue, he slowed down for the purpose of taking on a passenger; that he gave a hand signal indicating his intention to stop and that, notwithstanding this, the driver of the Pomes truck, which was traveling in the rear of the bus at a high rate of speed, failed to exercise any precaution whatsoever and ran his truck into the rear of the bus.

Conversely, the answer of the defendant Pomes portrays an entirely different state of facts. He asserts that his employee was driving his truck on the highway at a reasonable rate of speed; that, prior to the accident, the bus had been traveling in the rear of the truck; that, when the truck reached the corner of Deckbar Avenue, the bus overtook it and attempted to pass it; that, just as soon as the bus had barely advanced ahead of the truck, its driver swerved it sharply to the right directly in front of the truck where it was brought to a sudden and abrupt stop for the purpose of taking on a passenger; that his driver could not anticipate the unexpected swerve and stop of the bus directly in the path of the truck and that, although the truck driver applied his brakes as quickly as possible, he was unable to avoid striking the back of the bus.

It will be observed from the foregoing contentions made by the defendants in their answers that the plaintiff is entitled to have judgment against one of them or against both of them in solido because it is conceded that he was without fault in the premises and each defendant maintains that the accident occurred through the neglect of the other. It is also clear that, since the plaintiff was a passenger for hire on the omnibus, the Public Service Company carried the burden of proving that it was free from negligence. See Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376.

At the trial of the case on the issues above set forth, the Public Service Company produced several witnesses in support of its defense. Sentilles, the driver, testied that he was operating the omnibus at a reasonable rate of speed on the Jefferson Highway and was proceeding from the Huey P. Long Bridge in the direction of New Orleans; that, when he approached Betz Avenue, he slowed down for the purpose of picking up a passenger and hand-signalled his intention to come to a stop; that, at that time, he noticed, through the rear view mirror of the bus, a truck coming from behind him at a high rate of speed and that this truck, without any warning whatsoever, crashed into the rear of his bus at a point just past the corner of Betz Avenue. In short, the evidence of this witness is substantially in accord with the allegations of the answer.

On the other hand, the defendant Pomes did not introduce any evidence to sustain his theory of the accident, i. e., that the bus, in passing the truck, swerved sharply in front of it and created an emergency from which the truck driver was unable to extricate himself.

After the conclusion of the evidence, the court continued the case to January 24, 1939, for argument. On that day, the judge, after hearing counsel, expressed the opinion that he was satisfied that the evidence presented by the Public Service was sufficient to exonerate it from liability; that he was convinced that the accident occurred solely through the carelessness of the truck driver and that plaintiff was therefore entitled to have judgment against the defendant Pomes. Counsel for Pomes thereupon argued that the evidence adduced was not sufficient to warrant a judgment against his client for the reason that plaintiff had failed to prove that the truck driver Claiborne was acting within the course and scope of his employment at the time of the accident. This contention impressed the judge favorably and he remarked that "the court, in view of the fact that neither Pomes nor the driver of the truck was placed on the witness stand, and no other evidence having been introduced to substantiate the allegations that the driver was acting within the scope of his employment, is not in a position to render a judgment as against Pomes." He also was of the opinion that it would be unfair to dismiss plaintiff's suit as to Pomes because of the asserted deficiency in proof and, accordingly, he reopened the case as to that defendant for the purpose of permitting plaintiff to introduce evidence to show that the truck driver was acting within the course of his employment.

In passing, it is well to note that the view taken by the district judge, with respect to plaintiff's failure to prove that the driver of the Pomes truck was acting within the scope of his employment, seems to overlook the fact that Pomes admitted in his answer that the truck belonged to him and that the truck driver was his employee. This confession on his part raised the presumption that his servant was acting under his orders and the burden shifted to him to show the contrary. See Mancuso v. Hurwitz-Mintz Furniture Co., La.App., 181 So. 814, and May v. Yellow Cab Co., Inc., 164 La. 920, 114 So. 836.

At the time the judge reopened the case with respect to Pomes, he rendered a judgment dismissing plaintiff's action as to New

Orleans Public Service. This judgment was signed on January 29, 1939.

On April 14, 1939, plaintiff, proceeding by way of rule, attacked the validity of the judgment in favor of New Orleans Public Service. He maintained that it was null and void because it had been rendered and signed after the case had been reopened as to the defendant Pomes and that the court was without right, power or authority to dismiss a suit as to one alleged joint tortfeasor without determining all points in controversy with respect to all. He further contended, alternatively, that the judgment was not definitive and that it was within the power and discretion of the court to set it aside.

After hearing argument on this rule, the court discharged it on the ground that the judgment in favor of the Public Service Company was final and that it was without further jurisdiction of the matter.

Plaintiff has prosecuted this appeal from the adverse judgment dismissing his suit as against New Orleans Public Service and also from the order discharging the rule wherein he sought to have the judgment declared null and void.

■ We first direct our attention to plaintiff's contention that the judgment appealed from is null or, alternatively, that it is merely interlocutory and not final. The proposition advanced is that, in a suit against joint tortfeasors, a judgment may not be rendered in favor of or against one of the defendants without simultaneously disposing of the case with respect to all.

Counsel for plaintiff states that, when the lower court reopened the case as to Pomes, the issue of the defendants' joint responsibility to plaintiff for the consequences of the accident was again presented for determination and that, therefore, it was the duty of the judge to reopen the matter as to both defendants.

The argument is unsound. The gravamen of the plaintiff's case against the defendants is that he was injured as the result of their combined and concurring negligence. The defense of the New Orleans Public Service is that it was free from fault. When the cause was heard, that defendant undertook the burden of proving a freedom from negligence on its part and showed by its witnesses that the truck driver of the defendant Pomes was entirely to blame. The evidence submitted by it was not controverted by either the

plaintiff or by the co-defendant Pomes. In fact, the issue vel non between the Public Service and plaintiff was fully considered and disposed of by the court after the trial of the case on its merits. The mere fact that the district judge reopened the matter, with respect to the liability of Pomes for the purpose of allowing plaintiff to introduce other evidence as to him, cannot be used as an argument to prejudice the right of the Public Service to have the question of its responsibility finally decided on the issue joined by its answer. It should be borne in mind that the case, as reopened by the lower court with respect to Pomes, is limited to the hearing of evidence concerning the question of whether the driver of his truck was acting within the scope of his employment. Surely, such evidence can have no effect upon the responsibility of the Public Service to plaintiff for his injuries.

■ The judgment rendered by the lower court disposed of all the issues between the plaintiff and the defendant New Orleans Public Service, and it is in every sense a final and absolute decree.

■ The next contention of the plaintiff is that the evidence submitted by the Public Service is insufficient to overcome the presumption of negligence on its part and that it has failed to prove with any degree of certainty that its bus driver was blameless. The point is not well taken. The statement of Sentilles discloses that he was in nowise at fault and that the employee of Pomes recklessly ran his truck into the rear of the bus. His declaration stands unchallenged and, if believed, it is sufficient to exonerate the Public Service from any liability in the premises.

■ Counsel for plaintiff, however, points with confidence to our decision in Williams et al. v. Pomes, La.App., 187 So. 145, where, in certain consolidated suits growing out of the same collision, we held that the bus driver's evidence, which was substantially the same as the statement given by him in the instant case, did not disclose the true facts with respect to the happening of the accident. In that matter, the issues were identical with those presented here with the exception that, there, the plaintiffs, being of the belief that the truck driver was solely at fault, did not see fit to join the New Orleans Public Service as a party defendant. Pomes defended the case on the same grounds pleaded by him in his answer in the instant

matter. But, there, he introduced the testimony of the truck driver Claiborne and his helper Young to substantiate his contention that the accident occurred as a result of the bus driver's negligence. After comparing the testimony given by his witnesses with the bus driver's version of the accident, we concluded that the evidence tendered by Pomes should prevail.

The distinguishing feature between the Williams case and the instant matter is that, here, the defendant Pomes did not produce his truck driver and helper as witnesses on his behalf and the plaintiff likewise failed to tender them. Hence, we have only the testimony adduced by the Public Service and we cannot say that our brother below was guilty of manifest error in accepting the uncontroverted evidence of that defendant. In truth, we cannot speculate what the testimony of the truck driver and his helper would have been if they had appeared as witnesses at the trial below. It is certain that Pomes must have had some good reason for not producing them since their statements were necessary in support of his plea that he is free from fault. At all events, we can only judge the question of the liability of the Public Service on the evidence contained in the record before us and not upon the testimony submitted in the Williams case.

Counsel for plaintiff further proclaims that the defendant Public Service has failed to carry the burden of proof because the evidence shows that the equipment of the bus was unsound. This contention is based upon certain testimony given by the plaintiff to the effect that, when the collision occurred, the seat upon which he was sitting broke at its base. The argument does not impress us. It is obvious that the breaking of the seat was not caused by any defect in its construction but by the violent blow received by the bus when it was struck by the Pomes truck.

Finally, plaintiff maintains that, in order to avoid a miscarriage of justice, this case should be remanded so that evidence can be adduced for the purpose of rebutting the testimony of the bus driver. Our attention is directed to Article 906 of the Code of Practice which gives to the appellate courts the right to remand a cause where it appears that it is not possible to pronounce definitely on it in the state in which it is because the parties have failed to adduce necessary testimony. Many authorities have been cited in support of the view that the courts will remand a case in order to prevent a miscarriage of justice and it is argued that, since we have held in the Williams case that the operator of the bus was solely at fault, we should remand this matter so as to permit plaintiff to introduce further evidence.

We fully agree with plaintiff's counsel that it is proper, under certain circumstances, to remand a case for the hearing of further testimony where it appears that a miscarriage of justice will occur, but we are unable to coincide with his conclusion that such a state of facts is present here. There is no reason why we should not decide this matter on the evidence contained in the record. Counsel's suggestion of a miscarriage of justice is premised upon the result reached by us in the Williams case. But, as we have demonstrated above, that decision is based upon evidence which has not been presented here and we think that it would be unreasonable to require this defendant to undergo the expense of another trial because the opposing party failed to tender testimony to rebut its evidence. In fact, there is no substantial ground for the remand of a case for further evidence where it appears that the parties have had the opportunity of offering full proof respecting the issues tendered by the pleadings and have refrained from so doing for reasons best known to them. See Esmele v. Violet Trapping Co., Inc., et al., 184 La. 491, 166 So. 477.

The issues in this matter were clearly defined by the pleadings. The defendant Public Service tendered the evidence in its possession to show that its bus driver was free from fault. The co-defendant Pomes could have offered proof in support of his defense but he failed to place any witnesses on the stand. Likewise, plaintiff, if he believed that the evidence produced by the Public Service did not represent the truth, could have submitted testimony to rebut it. Since he did not see fit to do so, he cannot now be heard to say that the judgment rendered against him will result in a miscarriage of justice.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.