Plaintiff, Miss Margaret Sarah Kennedy, was employed by the Division of Employment Security, Department of Labor in the State of Louisiana. She had been employed on June 23, 1936. On February 4, 1949, she was informed by a registered, special delivery letter from the administrator of that division that due to a deficit in the budget, her position as operations analyst was being abolished with the close of business on February 15, 1949, and that her employment would be terminated on that date.
After making allegations to that effect she further alleges in her petition, that she protested to the Director of the Louisiana Merit System Council that her dismissal was improper and in violation of the provisions of Act No. 13 of the Special Extra Session of 1948 and of the rules of the Council adopted in pursuance of its authority under the statute, on December 15, 1948. She then sets out her grievances and the injury which she will sustain by reason of her dismissal and finally avers that in order to protect her interest and her right of employment as guaranteed by law, it is necessary that the district court issue a restraining order and enjoin the Commissioner of the Department of Labor, Edwin I. Soule, made a defendant herein, as well as Marvin E. Thames, Administrator of the Division of Employment Security and R. B. Walden, Director of the Louisiana Merit System, also made defendants, from terminating her employment on February 15, 1949, or at any time thereafter until such termination is effected in accordance with the provisions of law.
She prays for a temporary restraining order and for a rule nisi for a permanent injunction.
The defendants all made appearances in answer to the citation served on them and filed various pleadings and then, under reservation, filed an answer. The principal exception seems to have been a plea of prematurity under which it was contended that the plaintiff had not exhausted all of her remedies before the administrative board in charge of the matters complained of by her, before instituting this proceeding in court. The trial judge disposed of the case by sustaining that plea, and by recalling and dissolving the temporary restraining order which had issued, and dismissing the plaintiff's suit at her costs. From that judgment the plaintiff took a devolutive appeal to this court.
Pending the appeal, there appeared in the newspapers of the State public information to the effect that Miss Kennedy had been restored to her former employment, and in argument before this court, her counsel admitted that such was the case. When it was suggested that under the circumstances there appeared nothing for the court to pass on and there was only a moot question presented, counsel persisted that we should nevertheless pass on the question at issue and review the point on which the trial judge based his decision, that is that there was no provision in the statute creating the Louisiana Merit System Council, nor any rule promulgated by it, which required the plaintiff to appeal to that Council from her notice of dismissal, and even if there was, the courts of this State are vested with a sort of concurrent jurisdiction with administrative boards in such matters, and she had a right therefore to petition the court for injunctive relief.
We have read the brief submitted by counsel with considerable interest and yet we do not understand why we should be *Page 103 
called on to consider the many points that are raised just for the purpose of expressing an opinion on what is now, to all intents and purposes, purely an academic question. A ruling in plaintiff's favor would mean nothing more to her than what she has already obtained, that is a restoration to her former employment with all the benefits and emoluments to be derived therefrom. It might be urged that a decision on the question as presented might establish a judicial policy which could be followed in similar cases, should any come up in the future, but courts are not called upon to perform such functions under circumstances such as are presented in this case.
There being only a moot question before the court, the appeal is dismissed.