PONDER, Justice.
In this suit for declaratory judgment, the plaintiff seeks to have the legal status of the defendants fixed by decree of court. The issue raised in this case is whether or not the defendants, the alleged natural children of Mathilda Sonnier and Dominique Derbonne, were legitimated by the subsequent marriage of their natural father, Dominique Derbonne, and natural mother, Mathilda Sonnier.
It appears that Mathilda Sonnier was previously married 4;o John A. Godeau and the question arose as to whether or not this marriage was dissolved by divorce at the time the defendants were born.
The evidence in the record is not sufficient to determine whether there was a divorce and, if so, when it was granted.
On trial the lower court arrived at the conclusion that. Mathilda Sonnier was not married to anyone at the time the children, defendants herein, were born. This conclusion was reached because the evidence was not sufficient to establish otherwise. The plaintiff has appealed and the matter is now submitted for our determination.
Since hearing the argument and submission of the appeal and before an opinion has been handed down, the plaintiff-appellant, has moved to remand the case in order that he might produce recorded documentary evidence and positive proof that the mother of these three defendants-appellees, at the time of their birth, was still married to Godeau and not divorced *86 until some time after the defendants were born. Attached to the motion to remand is a certified copy of a marriage certificate showing that John A. Godeau and Mathilia (sic) Sonnier were married on September 22, 1903, and a copy of a judgment of the district court of St. Landry Parish granting to Jean (sic) Godeau a divorce from Mathilde (sic) Sonnier, dated October 23, 1916.
The motion to remand has been opposed principally on the grounds that the plaintiff had not exercised due diligence in the preparation of his case, therefore is now estopped from pleading same, and that this Court cannot supplement the record under the provisions of Article 898 of the Code of Practice because there are no mistakes in, or omissions from, it. While on the other hand, mover contends that he is entitled to a remand under the provisions of this article of the Code of Practice.
We do not think that this article of the Code of Practice is pertinent. The governing article is Article 906 of the Code of Practice, which reads as follows:
“But if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law.”
From a review of the jurisprudence, we find numerous cases remanded to the lower court for the introduction and consideration of additional evidence. In most instances it has been for the purpose of determining the true state of facts in order that a final judgment may be rendered according to the conscience and requirements of justice.
We refused a remand in the case of Esmele v. Violet Trapping Co., 184 La. 491, 166 So. 477, because the motion was made in an application for rehearing where a judgment had already been rendered by this Court. In the case of Townley v. Pomes, 194 La. 730, 194 So. 763, a motion to remand was made in the court of appeal and there refused (see 191 So. 702), but upon review by this Court we ordered a remand of the case for the introduction of additional evidence. The Esmele case was distinguished in the Townley case on the ground that the motion to remand was filed on application for rehearing after there had been a decision by this Court.
This Court has on numerous occasions remanded cases on its own motion where the interest of justice required it. Pike v. State of Louisiana, 20 La.Ann. 547; McConnell v. Pasley, 31 La.Ann. 532; State ex rel. Ranger v. City of New Orleans, 34 La.Ann. 202; Willis v. Berry, 104 La. 114, 28 So. 888; Rhodes v. Cooper, 113 La. 600, 37 So. 527; Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711; Dietz v. Dietz, 227 La. 801, 80 So.2d 414, 417.
Dietz v. Dietz, supra, is one of the most recent cases handed down by this Court remanding a case for the introduction of additional evidence on its own motion. The Court stated therein:
“ * * * we think it appropriate to exercise the prerogative given us by Article 906 of the Code of Practice of remanding the case to the trial court for the purpose of permitting the defendants to produce the notary and the witnesses to the acts so that their testimony may be heard, together with all other additional evidence which may be tendered by any of the parties litigant on the issues presented.”
The case should be remanded for the purpose of permitting the plaintiff to introduce in evidence the aforementioned marriage certificate and the judgment of divorce, and any additional evidence that may be tendered by the parties to this suit on these issues.
*87 For the reasons assigned, the judgment of the lower court is annulled and it is ordered that this case be remanded to the district court for further proceedings according to law and consistent with the views herein expressed. All costs to await the final disposition of the suit.