BEER, Judge.
Fo-Coin Company unwittingly and in good faith entered into a written lease for coin-operated laundry equipment space in Beauregard Square Apartments with the manager of the apartments, Tom Taylor Agency, although the actual owners of Beauregard Square Apartments were J. George Mitnick, Thomas M. Taylor, James F. Reddoch and Joseph H. Engel.[1] The lease, for a five-year term, was recorded in the Jefferson Parish Conveyance Office on April 27, 1972. Acting on the behalf that they had a proper, recorded lease, Fo-Coin installed its coin-operated laundry equipment which remained on the premises until this controversy arose.
In November, 1975, appellees, Reginald C. Wagner, Jr. and Dalton L. Truax, Jr., pur *266 chased Beauregard Square Apartments from the former owners and, thereafter, notified Fo-Coin to vacate. Apparently some rental payments from Fo-Coin to the new owners were made and accepted prior to this notice. Fo-Coin resisted the notice to vacate, and the new owners brought a summary action to evict them, contending that there was no lease of record between the prior owners, Mitnick, Taylor, Reddoch and Engel, and Fo-Coin Company.
William Fothe, president of Fo-Coin, identified the lease agreement as one between Fo-Coin and Tom Taylor Agency. It had been duly recorded in Jefferson Parish but undiscovered by the title examiner for Wagner and Traux who ordered certificates in the names of the record owners. Nevertheless, Fo-Coin makes the affirmative contention that Wagner and Truax knew of the lease and tacitly acknowledged its existence by, among other things, seeking and being paid the rental as provided for in the lease.[2]
The trial judge, noting the absence of written authority by Messrs. Mitnick, Engel and Reddoch authorizing the execution of a lease, concluded:
“Taking all of this into consideration, this Court believes that this case presents a very close issue of law. But, in the absence of any authority by Mr. Mitnick, Mr. Reddock and Mr. Engel to Mr. Taylor to execute such a lease, and in the absence of any evidence that Mr. Taylor was in possession of the premises this court believes that Mr. William Fothe, d/d/a Fo-Coin Company, was in possession of the premises under an invalid lease, and therefore this Court orders the eviction of Fo-Coin Company from the premises at the end of the month, and before the end of August, 1976.”
In the course of the eviction proceeding, counsel for Fo-Coin had sought a continuance in order to introduce evidence in the form of testimony from the previous owners who were residing out of state. The trial judge refused the continuance but stated that a rehearing would be granted if newly discovered evidence was obtained.
Judgment was rendered ordering Fo-Coin Company to vacate the premises by September 1, 1976. However, on August 16, 1976, Motion for New Trial and answers to interrogatories were filed by Fo-Coin Company. Motion for New Trial was denied on September 3, 1976, and Fo-Coin Company perfected the devolutive appeal which brings the matter before us.
The parties to this appeal have stipulated as follows:
“The threshold issue of this appeal is whether the trial court abused its discretion in denying the defendant-appellant’s Motion for Continuance in order to produce testimony and evidence from witnesses in the state of Alabama. If this court finds that there was an abuse of discretion and remands this case to the trial court, then the following three issues have no application. However, if this court finds there was no abuse of discretion, then it is stipulated that the legal issues of this appeal are:
(1) Is a third-party purchaser of real estate bound by a lease recorded in the name of one not the owner?
(2) If the third-party purchaser has notice of the lease at the time of the purchase other than through the public records, is the purchaser bound by the lease?
(3) Does the acceptance of monthly rental payments by the third-party purchaser amount to a ratification of the lease which was recorded in the name of one not the owner?”
In order to give consideration to the so-called threshold issue, we must carefully consider the record of the eviction hearing:
*267 At what appeared to be the conclusion of that proceeding, the trial court ordered the eviction of Fo-Coin “by the end of August, 1976.” Whereupon, counsel for Fo-Coin spoke to the court as follows:
“Your Honor, in connection with our application for writs, this has been a short period of time that this matter was brought up, and we have been unable to get our out-of-town people in here to establish the fact — for having them admit the fact of authority by the owners for this lease. We would make a request for the reservation of our rights to bring in evidence into this Court or a continuance to allow us to do that.”
The court responded:
“I will grant you a rehearing on this, provided you can show me that there is newly discovered evidence.”
Following further discussion, the court also observed:
“Well, this is a summary proceedings and this Court has no discretion except to go ahead with a speedy trial, but I will reserve your rights and my own thought is to set this now for trial and a rehearing. You should proceed expeditiously if you’re going to pursue this matter further.”
Counsel heeded the court’s admonition. Within a few days, he had propounded interrogatories to Thomas M. Taylor of Huntsville, Alabama, and obtained and filed answers thereto. Concurrently, he sought, obtained and filed affidavits from Thomas M. Taylor, James F. Reddoch, J. George Mitnick and Joseph H. Engel, complying in all instances with the certification requirements for the filing of same. Counsel also filed a supporting affidavit in connection with his prior efforts to obtain the information set forth in the affidavits and answers to interrogatories.
Though counsel’s extensive efforts might have better been expended prior to the hearing on the eviction, we believe that there is an implication in the trial court’s observation that a rehearing would be granted provided “you can show me that there is newly discovered evidence” and that such implication does apply to those answers to interrogatories (and additional supporting documents) subsequently obtained and filed by counsel for Fo-Coin.
In this context, and confined to the particular and somewhat unusual aspects of this case, we conclude that the interests of justice are best served by permitting Fo-Coin an opportunity to fully develop its contention — based on this additional evidence — that the third party purchaser (ap-pellees here) had some notice of the lease situation at the time of their purchase of Beauregard Square Apartments.
We reach no conclusion as to what, if any, legal consequence would result from such factual determinations as might be made when this additional evidence is considered by the trial judge. We go no further than to conclude that the trial court, perhaps unintentionally and certainly in the best of good faith, seems to have offered and then, for all practical purposes, but without subsequent explanation, withdrawn the proffered opportunity for Fo-Coin to develop evidence which Fo-Coin, also in good faith, believed to be material to the outcome of the eviction proceeding. That evidence (regardless of the extent to which it may be controlling) has not, therefore, been accorded the consideration which was implicit in the trial court’s recorded observations as noted above.
Simply denying the continuance sought by counsel would not, in our view, have been a clear abuse of discretion and were the matter squarely before us on that issue, we would affirm. But we do not see that as the issue which now confronts us. We are of the view that this case must be remanded to the 24th Judicial District Court for the parish of Jefferson with directions to reset the matter for trial in order to allow consideration of the additional evidence adduced by counsel for Fo-Coin in the form of answers to interrogatories and other supporting documents which are relative to the question of whether or not appellees, Wagner and Truax, had constructive notice of the “lease” affecting the premises. The extent to which the district *268 court may or may not be influenced by this evidence is entirely the prerogative of the able trial judge. We do, however, take note of the possibility that such evidence could be the basis for a conclusion that it fairly put the purchasers on notice to make further inquiry so that if they failed to take steps in that direction, then they may have sought the eviction on questionable grounds. See Pittsburgh Plate Glass Co. v. Woodcock, 150 So.2d 660 (La.App. 3rd Cir. 1963). All costs, including the costs of this appeal, are to await and be dependent upon the final outcome of these proceedings.

REMANDED.

LEMMON, Judge, dissenting from the Denial of Application for Rehearing and assigning reasons.
I vote to grant a rehearing, because the “newly discovered” evidence was irrelevant.
The act of lease was not registered in the name of the owner and was not effective against third parties. C.C. art. 2264. Defendant’s recourse is against the parties who leased the property to him and who failed to maintain him in peaceful possession.

. For the purpose of executing the act of sale by which Mitnick, Taylor, Reddoch and Engel acquired ownership of Beauregard Square Apartments, Mitnick and Engel had, in fact, appointed Taylor as their agent. However, no specific authority to lease was included in that power of attorney.

. The answers to interrogatories propounded to Thomas M. Taylor of Huntsville, Alabama, state that Mr. Taylor, d/b/a Tom Taylor Agency, was the authorized managing agent for the owners of the property and had authority to execute the lease. The new owners were (according to Taylor’s answers) given verbal notice of the lease at the act of sale. Various supporting affidavits were annexed to support the contention that the previous owners authorized Taylor to enter the lease with Fo-Coin Company.