GUIDRY, Judge.
MOTION TO REMAND
The plaintiff-appellee, Michael D. Shaw, moves to dismiss the appeal of the defendant-appellant, Louisiana Department of Education, on the grounds that the defendant did not perfect its devolutive appeal within the delay allowed by law. LSA-C.C.P. Article 2087.
The plaintiff obtained a confirmed default judgment on May 2,1977, for the sum of $18,000 plus interest and costs. The defendant, the Louisiana Department of Education, did not appeal from this judgment.
On February 22, 1978, the defendant-appellant filed a petition seeking to nullify the default judgment. A contradictory hearing was held on March 17,1978, and on that date, the district court denied and dismissed the appellant’s petition for nullity. A formal judgment of dismissal was signed on April 14, 1978.
In its answer to the appellee’s Motion to Dismiss, the appellant alleges that it mailed to the trial court, with a copy to the clerk of court, a motion for an appeal from the judgment dismissing its suit for nullity on June 13, 1978, which was well within the delay it had to perfect a devolutive appeal. Under the facts of this case, the appellant had until June 26, 1978 in which to perfect its appeal. LSA-C.C.P. Art. 2087(1). The record shows that the trial court did not sign the motion until June 28, 1978. The record does not show why the motion, if received prior to June 26, 1978, was not signed.
It is primarily the duty of the aggrieved party seeking an appeal to be certain the order has been signed within the delay allowed by our Code of Civil Procedure. Generally, an appellate court is without authority to hear the appeal if the appeal order and required bond has not *1071 been properly and timely signed. However, our jurisprudence has long recognized an exception to this principle. As stated by our Supreme Court in Graves v. Kaiser, 319 So.2d 323 (La.1975):
“When the motion for appeal has been timely made within the delay period allowed . . . the appeal as ultimately perfected has been held valid . where the failure to perfect it within the delay period results from the erroneous refusal of the trial court to sign an appeal order timely after it has been presented to it . . . .”
See also, Succession of Frederick Jacobs, 5 Robinson 270 (1843). Under these circumstances, the fault is generally regarded as imputable to the court system rather than to the appellant.
Therefore, in the interest of justice, and under the authority contained in LSA-C.C.P. Articles 2082 and 2164, we hereby remand this appeal to the trial court for the purpose of having that court promptly conduct a hearing to determine (1) on what date -fras the appellant’s motion for an appeal received, and (2) if received prior to June 26, 1978, why was it not signed until June 28, 1978.
For the reasons assigned, the above captioned appeal is hereby remanded to the Thirty-Third Judicial District Court, Parish of Allen, for the purpose of having that court conduct a hearing in compliance with the order herein contained.

APPEAL REMANDED.