392 So.2d 460 (1979)
Elizabeth Thames PIERCE
v.
The BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY, etc. et al.
No. 13017.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
On Rehearing March 31, 1980.
*461 Richard C. Cadwallader, Baton Rouge, for plaintiff-appellant Elizabeth Thames Pierce.
W. Shelby McKenzie, Baton Rouge, for defendant-appellee The Bd. of Supervisors of Louisiana State University, Etc., et al.
Before LANDRY, EDWARDS and LEAR, JJ.
LANDRY, Judge.
This matter is before us on motion of the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Martin D. Woodin, President, Baton Rouge Campus, Louisiana State University (L.S.U.), and Paul W. Murrill, Chancellor of L.S.U. (Appellees), to dismiss, as moot, an appeal taken by Plaintiff, Elizabeth Pierce (Appellant), from a judgment dismissing her suit for declaratory judgment and injunctive (or alternatively mandatory) relief.
Appellant has opposed the appeal and has also moved this Court to take testimony and entertain oral argument on Appellees' motion to dismiss. We deny the request for oral argument and dismiss the appeal.
Mrs. Pierce has been a member of the faculty of the Baton Rouge Campus of L.S.U. for twenty-three years. She presently holds the rank of tenured instructor in the Department of Health, Physical and Recreational Education (HPRE). Mrs. Pierce is not assigned any teaching duties but merely serves as an accompanist during dance instruction. She has continuously expressed dissatisfaction with this limited role and has often requested teaching duties, especially a course in rhythmical analysis (HPRE 4801).
In July, 1977, Dr. Thomas was appointed Chairman of the Department of HPRE and reaffirmed Mrs. Pierce's assignment as solely an accompanist. Since then, tension between Mrs. Pierce and certain dance instructors heightened and resulted in charges that Mrs. Pierce had become uncooperative. The faculty of the Department of HPRE voted to recommend Mrs. Pierce's termination for cause. Dr. Thomas informed Mrs. Pierce of this action and of his intention to process the recommendation unless she submitted a written resignation. Mrs. Pierce consequently initiated this proceeding seeking:
(1) A declaratory judgment providing that she cannot be dismissed as a member of the L.S.U. faculty unless a hearing is held in accordance with the Louisiana Administrative Procedures Act and the Open Meetings Law;
(2) A preliminary injunction prohibiting representatives of Louisiana State University from conducting a hearing concerning her dismissal unless that hearing is held in accordance with the Louisiana Administrative Procedure Act and the Open Meetings Law; and alternatively,
(3) A writ of mandamus directing the Board of Supervisors of L.S.U. to conduct a hearing concerning her dismissal pursuant to the provisions of the Louisiana Administrative Procedures Act and the Open Meetings Law or to adopt a general code of administrative procedures before conducting such a hearing.
*462 The Defendant filed an answer denying some of Plaintiff's allegations, admitting others, and filed exceptions urging prematurity and no cause of action.
The trial judge upheld both of the exceptions and dismissed the suit. Mrs. Pierce timely appealed this judgment.
While this appeal was pending, Dr. Thomas, the Chairman of the Department of HPRE recommended to Paul W. Murrill, the Chancellor of L.S.U. that Mrs. Pierce be terminated for cause. A special committee of the faculty was appointed to conduct a hearing in accordance with Policy Statement 36 of the university which, according to the trial judge, contains minimal due process safeguards for the dismissal of employees. Based on its findings, the special committee recommended that Mrs. Pierce be reassigned rather than terminated for cause. Chancellor Murrill accepted this recommendation and notified Mrs. Pierce of his decision. The following events have transpired concerning Appellant's proposed reassignment:
A letter dated August 20, 1979, by Paul Koenig, Assistant Vice Chancellor for Academic Affairs, informed Mrs. Pierce's attorney, Richard C. Cadwallader, that the reassignment options available to Mrs. Pierce were: a research appointment, a semester's leave with pay, or some other employment within the university; the only likely options for the fall of 1979 being the research appointment and the leave with pay. Another letter, also dated August 20, 1979, by Chancellor Murrill informed Mrs. Pierce that she had been assigned a research position with the Department of HPRE for the fall of 1979. The letter additionally stated that Mrs. Pierce would be under the direction of Dr. Thomas (who had previously recommended her termination) and that she would retain the same salary except for the adjustments recently provided by the Legislature (10 percent increase, 5/6 payable during the year). On August 24, 1979, Mrs. Pierce addressed a letter to Chancellor Murrill stating that she was not satisfied with the proposed assignment and requested a meeting to discuss some of her suggestions which had been outlined by Mr. Cadwallader in a letter of August 16, 1979.
On August 29, 1979, Mrs. Pierce wrote another letter to Vice Chancellor Koenig stating that "following our conversation of August 28, 1979, I am following your suggestion in requesting administrative leave for the fall of 1979. In addition I [sic] desire that we effect a settlement in writing covering all of the remaining points at issue ...." By letter of August 30, 1979, Vice Chancellor Koenig responded to Mrs. Pierce that if her request for leave was granted, she would then be assigned to fulltime research in the Department of HPRE commencing in the spring of 1980, under the direction of Dr. Thomas.
Appellees contend that since termination proceedings against Mrs. Pierce have been concluded in her favor; that she has not been dismissed; and, that she no longer endures the threat of dismissal, the issues raised in her action have become moot. In support of this contention, Appellees have placed of record an affidavit by Chancellor Murrill stating that the termination process against Appellant has been concluded and that the committee recommendation to reassign Appellant has been approved by Chancellor Murrill and that Appellant will be reassigned rather than dismissed.
Appellant urges that her failure to reach a mutual agreement with the university concerning the nature of the reassignment prevents her demand for injunctive or alternatively mandatory relief from becoming moot. We disagree. Appellant's petition seeks injunctive and declaratory relief in contemplation of Mrs. Pierce's dismissal from the L.S.U. faculty. The necessity for this relief has been obviated by Appellees' judicial confession admitting that Mrs. Pierce will not be dismissed but merely reassigned and by Mrs. Pierce's implied assent to reassignment as indicated by the above-mentioned negotiations. Furthermore, the issue of whether Mrs. Pierce has been denied certain rights in the negotiation of her reassignment was not presented to the trial court and consequently cannot, at this time, be addressed by this Court.
*463 Appellant additionally argues that regardless of whether an agreement is reached concerning her reassignment, a viable issue is presented by the second facet of Mrs. Pierce's petition seeking declaratory judgment of her contract right to appeal to the Board of Supervisors and of the specific due process procedures applicable to the Board of Supervisors in connection with a hearing and whether such hearing would be a public hearing. We also disagree with this contention. We have reviewed the record and the briefs and cannot conclude that Appellant made any demands for declaratory judgment independent of the pending threat of Mrs. Pierce's dismissal. Since the threat of dismissal has been withdrawn, the demand for declaratory judgment related thereto is also moot. State v. Ward, 259 La. 317, 249 So.2d 921 (1971).
Since there no longer exists a justiciable controversy as to Appellant's dismissal, a declaratory judgment of Appellant's contractual rights in case of dismissal would only amount to an expression of opinion which is beyond the scope of our judicial authority. Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964).
There being only a moot question before this Court, the appeal is dismissed. It is also ordered that Appellant's motion requesting this Court to take testimony and entertain oral argument on Appellees' motion to dismiss is denied. All costs of this appeal are to be paid by Plaintiff-Appellant.
APPEAL DISMISSED.
EDWARDS, Judge.

ON REHEARING
In her original petition against LSU, Mrs. Pierce prayed for:
1. A declaratory judgment that plaintiff could not be dismissed without hearings conducted as required by the Administrative Procedures Act, R.S. 49:951-966.
2. A declaratory judgment that all hearings held by LSU be public pursuant to R.S. 42:4.1-4.10 [42:4.1-42:10] and Art. XII, Sec. 3 of the Louisiana Constitution of 1974.
3. A declaratory judgment that only the Board of Supervisors of LSU had the authority to terminate plaintiff and only if hearings providing full due process protection were conducted.
4. A preliminary injunction restraining LSU or its agents from conducting dismissal hearings relative to the plaintiff unless such hearings were conducted pursuant to R.S. 49:951-966, R.S. 42:4.1-4.10 [42:4.1-42:10] and Art. XII, Sec. 3 of the Louisiana Constitution of 1974.
Alternatively, Mrs. Pierce prayed for:
5. A writ of mandamus instructing LSU that if dismissal hearings regarding Mrs. Pierce were to be instituted in a manner not pursuant to R.S. 49:951-966, R.S. 42:4.1-4.10 [42:4.1-42:10] and Art. XII, Sec. 3 of the Louisiana Constitution of 1974, then LSU should show cause why they should not adopt a general code of administrative procedures to govern hearings involving faculty termination and should defer termination proceedings against Mrs. Pierce until such code be adopted.
6. Final judgment perpetuating either the preliminary injunction or the writ of mandamus.
LSU answered and filed exceptions of prematurity and no cause of action. After a hearing on the rule for a preliminary injunction, both defendant's exceptions were sustained. Mrs. Pierce filed a timely devolutive appeal.
On August 15, 1979, LSU filed a motion to dismiss Mrs. Pierce's appeal on the ground of mootness. The factual support for LSU's motion was a series of documents and communications, all of which came into existence after the trial court ruling which is on appeal. LSU stoutly maintains that this new evidence amounts to a judicial admission by LSU that Mrs. Pierce will not be dismissed but will only be reassigned. Therefore, LSU argues, this court can grant *464 no relief to Mrs. Pierce, all issues raised by plaintiff's original petition are moot, and plaintiff's appeal should be dismissed.
The documents and communications proffered by LSU as the basis for its motion to dismiss were erroneously taken into consideration by this court on first hearing. Such documents, including the affidavit sworn to by Chancellor Paul Murrill on August 27, 1979, amount to new evidence.
It is a long established principle that appellate courts may not receive new evidence. Leger v. Delano Plantation, Inc., 352 So.2d 743 (La.App. 3rd Cir. 1977); Salter Bus Lines, Inc. v. Leitch, 322 So.2d 793 (La.App. 3rd Cir. 1975); Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47 (1965); Boucher v. Division of Employment Security, Department of Labor of State of Louisiana, 235 La. 851, 106 So.2d 285 (1958); Stevens v. Johnson, 230 La. 101, 87 So.2d 743 (1956); Tatum v. Andrews, 165 La. 222, 115 So. 466 (1928); Beard v. Poydras, 3 Mart. (O.S.) 505 (1814).
In the Tatum case, after answering the appeal, appellee sought to introduce proof that, after trial, plaintiff had recovered on an insurance policy. Appellee attached a certified copy of a U.S. District Court judgment against the insurance company. The Louisiana Supreme Court would not, on appeal, admit even this type of evidence.
There is an exception to the rule against appellate courts admitting evidence. The rule does not apply where facts subsequent to trial are not disputed and are admitted. Boucher v. Division of Employment Security, Department of Labor of State of Louisiana, supra; Wilson v. Wilson, 205 La. 196, 17 So.2d 249 (1944); Tatum v. Andrews, supra. In this case, there has been no joint stipulation of facts. Therefore, no new evidence may be considered.
There has been no admission by Mrs. Pierce that her current employment is identical with the past, an admission which, taken alone, would allow a finding of mootness. Kennedy v. Soule, 42 So.2d 101 (La. App. 1st Cir. 1949). Rather, Mrs. Pierce's claim concerns present and future attempts to end her career.
Nor can this court take judicial notice of the proffered series of communications. Disputed facts, or at the very least, statements as to which there has been no clear agreement, are not in the same vein as the laws of nature, geographic and historical facts, time, the calendar, laws and other matters of common knowledge. Judicial notice is a substitute for, and equivalent of, evidence, and facts should not be "noticed" unless otherwise admissible. Dimm v. Granier, 284 So.2d 850 (La.App. 4th Cir. 1973). The resolution of disputed issues of material fact by judicial notice of the correct determination is improper. Acadia-Vermilion Rice Irrigating Company v. Broussard, 185 So.2d 908 (La.App. 3rd Cir. 1966).
This case rests exactly where it did at the conclusion of the trial court proceedings. Mrs. Pierce has an appeal of right. LSA-C. C.P. 2082.
In the trial court, Mrs. Pierce sought relief which was denied and suffered a judgment sustaining LSU's exceptions of prematurity and no cause of action and dismissing plaintiff's suit. On appeal, the correctness of those rulings and dismissal is at issue. The Court of Appeals will decide whether or not, as a tenured LSU faculty member, Mrs. Pierce has the right to ascertain exactly what procedures will be used in any decision-making process which may end her career. Whether plaintiff's suit was premature or not will also be at issue.
Should this court, on appeal, feel a need for additional evidence, remand for the taking of such evidence by the trial court will be available. Shaw v. Louisiana Department of Education, 366 So.2d 1070 (La.App. 3rd Cir. 1979); Wagner v. Fo-Coin Co., 350 So.2d 265 (La.App. 4th Cir. 1977); Gallagher v. Gallagher, supra; Fontenot v. Derbonne, 236 La. 761, 109 So.2d 85 (1959); Millaudon v. The First Municipality of New Orleans, 1 La.Ann. 215 (1846).
For the foregoing reasons, the previous granting of the motion to dismiss for mootness *465 is annulled and reversed and the motion to dismiss is denied.
MOTION DENIED.